THADDEUS BRUNSON, plaintiff in error, vs. MIRABEAU SPARKS, defendant in error.

1. When a party borrows a horse from another, and while in the hands of his agent, the horse runs away and gets injured, from which, in a short time, he dies:

*Held*, That the manner of the injury, and the question of negligence therein, is one of fact for the jury, and where the verdict is not strongly and decidedly against the weight of the evidence, this Court will not disturb their finding.

2. When there is evidence either way to a material fact, as in case of bailment, as to what negligence has or has not been shown, and the jury have determined the question by finding a verdict:

*Held*, That the Court, under such circumstances, will not disturb it.

3. When the evidence shows that, through the act of an agent, either of two innocent parties must suffer:

*Held*, That the rule of law is, the party putting such agent forward shall be the party on whom the law puts the liability.

Motion for new trial. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1870.

Sparks averred that he hired a horse to Brunson for a few days to plough, for reasonable reward, and that while Brunson so had him, he so carelessly and negligently managed him as to allow him to run away with the plough and thereby he was mortally wounded, to the damage of Sparks the value of the horse. Brunson pleaded not guilty.

That the horse was hired, was wounded, and died next day, and his value, was shown. For the plaintiff it was shown that a tenant of Brunson called at Brunson's request to borrow the horse, and said it was for Brunson, and that Brunson would pay for it; that he got the horse and gear,

ploughed him all day, and upon returning home, the horse turned out of the road, the tenant pulled the line, it broke and the horse ran away. This tenant said that he was not in fault, but that the matter was attributable to the worn line which Sparks had loaned, with which to work the horse.

The defendant testified that he did not know Sparks, had moved into the neighborhood only three days before, found said tenant on the premises, and consented that he should remain and cultivate a parcel of ground for half of its products, and that he suggested to the tenant to plough it, and the tenant went of his own accord and borrowed the horse, without any instructions from him. The jury found for the plaintiff the value of the horse. Defendant moved for a new trial upon the ground that the verdict was strongly and decidedly against the weight of the evidence. The Court refused a new trial, and that is assigned as error.

L. F. GERRARD, for plaintiff in error, cited secs. 398, 2071, 2000, 2062, 30, 34, 37, Rev. Code, and 19th Ga. R., 440, as to care used by bailees.

W. F. WILLIAMS and C. R. RUSSEL, by JAMES M. RUS-SEL, for defendant.

LOCHRANE, C. J.

The question in this case comes before the Court from the refusal of the Court below to grant a new trial. Under the facts in this case the whole question for adjudication was fairly submitted to the jury, and there is sufficient evidence to sustain their verdict. And under the well established rules of this Court we will not disturb the judgment of the Court below in refusing a new trial, inasmuch as we are satisfied with the verdict of the jury.

Judgment affirmed.