| 63 | 83 |
|----|-----|
| 86 | 495 |

| 63 | 88 |
|----|-----|
| 89 | 570 |

The Central Railroad Company *vs.* Ferguson & Melson

1. Ten days being allowed by law for making out and certifying a transcript of the record, a bill of exceptions filed in the office of the clerk of the superior court, on the day preceding the return-day of this court, is properly returnable to the second term after such filing.
2. In doubtful cases of pure fact the finding of the jury is absolutely decisive, where the presiding judge has declined to interfere.

Practice in the Supreme Court. New trial. Before Judge HILLYER. Clayton Superior Court. March Term, · 1878.

When this case was called, a motion to dismiss the writ of error was submitted, because properly returnable to the last August term of this court. The bill of exceptions disclosed that it was tendered to the presiding judge on June 8, 1878, and signed on the 18th of the following month, he certifying that the delay was unavoidable. It was filed in the clerk's office four days after it was signed, on the 22d of July. The next day was the return day to the last August term of this court. It was filed in the clerk's office here on September 9, following.

The motion was overruled, as will appear from the first head-note.

A report of the facts would illustrate no principle of law, and is therefore omitted.

SPEER & STEWART; WATERSON & STEWART; H. C. PEEPLES, for plaintiff in error.

TIGNER & HODNETT; E. W. BECK, for defendants.

BLECKLEY, Justice.

1. The motion to dismiss the writ of error must fail. It was not the fault of party or counsel that the bill of exceptions was not sooner certified and signed. The tender to the judge was in due time, and he certifies that the delay to sign was unavoidable. The statute gives fifteen days for filing in the clerk's office from the date of the judge's certificate, and here the actual filing was within four days, so there was even more than needful diligence at this stage. The clerk's duty then began as to preparing the transcript, and had to be performed within ten days. Code, §4262. But it was only one day from the time of the filing until the return-day of this court. Nothing is more clear than that it was not incumbent upon anybody to have the case here on that day, and in point of fact it did not arrive until the term had progressed for some four weeks. What was to be done with it? Section 4265 of the Code answers the

question, by directing it to be docketed for the next succeeding term, and this was the course pursued.

2. The action was for the value of cotton alleged to have been delivered for transportation, and not shipped nor accounted for. The plaintiff recovered, and a motion for a new trial was made and overruled. The grounds of the motion are resolvable into the general complaint that the verdict was wrong under the evidence. It is urged that neither delivery to the railroad company was sufficiently made out, nor value proved, and that the verdict was excessive. The evidence is not conclusive. It pushes the mind into that great pit-fall called doubt, and there leaves it. The jury are the best doctors of doubt that we know of, especially when their treatment has been revised with approval by the presiding judge. This court has enough pressure in solving doubts of law, without extending its research into those of pure fact; and, moreover, it is not lawful to break up a verdict on a mere doubt as to the matters of fact.

Judgment affirmed.