### 34800. SMITH *v.* BURKS.

Decided December 2, 1953.

*George P. Dillard,* for plaintiff in error.

*O. C. Hancock, D. W. Rolader,* contra.

SUTTON, C. J. (After stating the foregoing facts.) It will be seen from·the pleadings and the evidence that the plaintiff operated a dry-cleaning and laundry business and employed the defendant as a route man to pick up and deliver dry cleaning and laundry; that the defendant drove the plaintiff's truck in doing this work and was permitted to use the truck, after he had finished his work, in going to and from his home; but the parties differ as to what their agreement was in this respect, and as to what extent the truck could be used by the defendant under their agreement. The defendant was to keep the truck in proper repair, and the plaintiff was to pay for such repairs. The status

of bailor and bailee existed between the plaintiff and the defendant with reference to the use of the truck by the defendant after he had finished his work as a laundry-route man. The plaintiff contends that the defendant was not authorized by him to use the truck at the time and place of the accident, and that by reason of such unauthorized use and through the negligence of the defendant, his truck was damaged, and the defendant is liable therefor. The defendant contends that, under his agreement with the plaintiff, he had the right to use the truck for his own personal use at any time, just so it did not interfere with his work on the laundry route, and he contends that the damage to the truck was due to its defective brakes, that is, the unforeseen and sudden failure of the brakes to work, and that the accident could not have been avoided by him.

A bailment is a delivery of goods or property for the execution of a special object beneficial either to the bailor or the bailee, or both, and upon a contract or agreement, express or implied, to carry out the object. Code § 12-101. "All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed. Different degrees of diligence are required, according to the nature of the bailments." Code § 12-103. "In all cases of bailment, after proof of loss, the burden of proof is on the bailee to show proper diligence." Code § 12-104.

(a) The plaintiff, as movant, contends in special ground 4 of his motion for new trial that it was error for the court to charge the jury: "The effect of the defendant's pleading is to put the burden of proof upon the plaintiff to establish to your satisfaction by a legal preponderance of the evidence that the allegations the plaintiff makes are true, except such as are admitted to be true." This was not error, where the court immediately thereafter and in connection therewith, charged the jury that, "in all cases of bailment, after proof of loss, or as in this case, damages, the burden of proof is on the bailee, and in this case that is the defendant, to show proper diligence."

(b) Under the facts and circumstances of this case, it was not error, as contended by the movant in ground 6 of his motion, for the court to charge the jury: "If you believe that this defendant was operating this automobile in the scope of his employment and in accordance with the agreement with his

employer, then he would be required to exercise ordinary diligence. Ordinary diligence means that care which every prudent person takes of his property of a similar nature; the absence of such diligence is termed ordinary negligence."

(c) The movant contends in special ground 7 of his motion that the court erred in charging the jury: "The defendant alleges and contends that the cause of the accident was by reason of failure of brakes. I charge you this rule of law: the burden rests upon the defendant to establish, not only that the act of God occasions ultimately the loss, but that the negligence of the defendant did not contribute to it. And the act of God in this case would be the unforeseen failure of the brakes, if such did happen." This charge was not harmful error, as against the movant, where the defendant contended and testified that the cause of the collision in question was the failure of the brakes to work, an event which could not have been foreseen by him, as he contends. While the expression, "act of God," may have been inapt as this was not pleaded by the plaintiff, the defendant did plead and his evidence shows that the collision in question and the resulting damage to the truck were caused by the sudden failure of the brakes on the truck to work, and that this was not contributed to by any negligence on his part. In these circumstances, no harmful error is shown by the charge here complained of. See *Richter* v. *Atlantic Co.*, 65 *Ga. App.* 605, 608 (3) (16 S. E. 2d 259).

(d) There was some evidence to the effect that, at the time of the collision in question, the defendant was operating the truck as though it had been loaned to him; and the judge charged the jury: "If you believe that this defendant was operating the automobile outside the scope of his employment, then he would be required to exercise extraordinary diligence in the operation of the vehicle, looking to the preservation of the property. Extraordinary diligence means that extreme care and caution which every prudent and thoughtful person will use in securing and preserving their own property. The absence of such diligence is termed slight negligence." The judge then explained in detail the rules with reference to ordinary care and diligence, and extraordinary diligence. We have carefully examined special grounds 5, 8, and 9 of the motion, which

complain of the failure to charge certain principles, without a request, and we are of the opinion that no harmful error is shown by any of these special grounds. We have read the entire charge of the court, and the same was a full and fair submission to the jury of the issues in the case.

(e) The evidence was in conflict. But, if the accident in question occurred as the defendant contended it did, and was due to an unforeseen and sudden failure of the brakes to work, an act over which he had no control, so that under the circumstances he could not have avoided the collision and damage to the truck, then a finding in his favor was authorized. We think there was sufficient evidence to authorize the verdict; and the court did not err in denying the motion for new trial.

*Judgment affirmed. Felton and Quillian, JJ., concur.*