## 42810. CRANKSHAW v. PIEDMONT DRIVING CLUB, INC.

ARGUED MAY 4, 1967—DECIDED MAY 17, 1967—REHEARING DENIED JUNE 6, 1967—

Henritze, Baker & Bailey, Walter M. Henritze, Jr., Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Witt, for appellant.

Swift, Currie, McGhee & Hiers, Warner S. Currie, John Paul Jones, for appellee.

JORDAN, Presiding Judge. Appellant in her brief properly abandons the allegation of negligence due to defendant's failure to clean the regurgitated substance from the floor since under the

facts alleged the defendant had no notice, actual or constructive, of its presence on the floor prior to plaintiff's fall. Appellant contends, however, that "the heart of the legal question presented" is whether or not the negligent serving of unwholesome food to Miss Harris was the proximate cause of her (appellant's) injury. Viewing the case from this posed question we conclude that the trial court was correct in sustaining the general demurrer.

"If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer." *Code* § 105-2008. Damages must flow from the "legal and natural result of the act done." *Code* § 105-2009. The question of proximate cause is one for a jury except in palpably clear and indisputable cases. We think the facts alleged in this petition bring it within the exception and subject it to be ruled upon as a matter of law. The court must assume this burden where a jury can draw but one reasonable conclusion if the facts alleged are proved, that conclusion being that the acts of the defendant were not the proximate cause of the injury. *Stallings v. Ga. Power Co.*, 67 Ga. App. 435 (20 SE2d 776). In our opinion a jury could not reasonably conclude that the plaintiff's injury was proximately caused by the defendant's negligence in serving unwholesome food to another person.

*Judgment affirmed. Deen and Quillian, JJ., concur.*