### 49861. ALEXANDER et al. v. KENDRICK.

EVANS, Judge.

This is a case growing out of a collision between two automobiles, resulting in a suit for damages by Waddell Kendrick, as plaintiff, against Diane Alexander, as driver, and Thomas Alexander, as owner and father of the driver, as defendants. The trial judge sat as judge and jury and rendered a verdict for the plaintiff. Appellant argues, among other things, that there is no evidence to support the trial court's finding that Diane Alexander failed to stop at the stop sign, and "there was no showing of negligence on Diane's part and the Alexanders were entitled to judgment in their favor."

1. First of all, it must be remembered that a trial judge who sits without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is "any evidence" to support his finding, it should be affirmed. See *Munn v. Kelliam,* 228 Ga. 395, 397, 398 (185 SE2d 766); *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607). Next, a judgment of a court is presumptively correct, and is presumed to have been supported by each and every ingredient essential to its rendition. See *Kiser v. Kiser,* 101 Ga. App. 511 (1) (114 SE2d 397); *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605). In other words, the evidence must be construed most strongly in favor of the prevailing party, and the question to determine is as to whether the judgment, under such construction of the evidence, should be upheld or overturned.

2. While the testimony of both plaintiff and defendant was not as specific as could be desired, there was ample evidence from which the trial judge, sitting as both judge and jury, could have found the plaintiff

entitled to a judgment in his favor. The evidence does not show that Diane Alexander failed to stop at the stop sign. The judgment of the trial court did not state that she did not stop, but rather that she "*violated the stop sign ordinance*," his judgment being in the following language: "The evidence presented shows clearly that the defendant, Dianne Alexander, *violated the stop sign ordinance in failing to yield the right of way to plaintiff...*" (Emphasis supplied.) No ordinance was introduced into evidence, but it is quite plain that the trial judge concluded defendant was negligent in *not yielding the right of way* to plaintiff's vehicle. See Code Ann. § 68-1652 (b). There was ample evidence from which the trial court could have concluded that defendant Diane Alexander did not yield the right of way to plaintiff Kendrick at the intersection.

3. There was testimony from the investigating policeman, Sylvester Hicks, as follows: "The one (car) driven by the young lady was westbound on Oak Street, while the car driven by the gentleman was north bound on Langhorn. The lady had evidently stopped for the stop sign, *but in pulling away from the stop sign, she pulled into the path of the gentleman driving the Riviera.*" (Tr. p. 35) (Emphasis supplied.) Plaintiff Kendrick testified: "I came over the hill here. By this time her car was moving kind of slow, *had got in my lane*. I had to avoid hitting her car head-on, and I swerved to try to miss her; and when I swerved to try to miss her, that's when I hit the tail end of her car." (Tr. p. 12) (Emphasis supplied.) Diane Alexander, defendant, also testified: "If he hadn't swerved he would have hit me in the middle, would have got me in the door. But by him swerving, that's what made him hit me in the rear and turn around" (Tr. p. 28). Further: "But *half the car* was going back down Oak Street, you know, *the front part of the car.*" (Tr. p. 28) (Emphasis supplied.) (This was a most unusual maneuver). "You know — when I got out there in the middle, okay, he's coming over the hill, you know, it seemed to me he was coming fast, *because I panic,* and there I was right there when he came and hit my back-end." (Tr. p. 29) (Emphasis supplied.)

Further, both before the policeman arrived and after

he arrived, defendant Diane Alexander told plaintiff she was going to have his car repaired; and told him where he could take it to have same repaired and her father would pay for the repairs. (Tr. pp. 32-33)

All of the foregoing was sufficient to authorize the trial court to find that the collision was because of the negligence of defendant Diane Alexander; that she pulled away from the stop sign directly into the lane of travel occupied by plaintiff; that she went into a panic while in the middle of the street; that plaintiff swerved in an effort to avoid the collision and thereby struck her in the rear-end, instead of in the middle of her car; and that defendant felt that the collision was her fault by telling plaintiff she would have his car repaired.

One of the best known rules in automobile tort law is that negligence, the solution of what negligence, whose negligence, etc., has caused a collision is left solely to the jury, except in plain and palpable cases. See *Hanchey v. Hart,* 120 Ga. App. 677, 680 (171 SE2d 918); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

4. We are also required to rule on the enumeration of error in which defendant complains of the finding by the trial court that there was "ample evidence to show the defendant, Thomas Alexander, is vicariously liable under the 'Family Purpose Doctrine' in that he provided an automobile for his daughter's use, benefit and pleasure. This is so, even though his daughter resided elsewhere than with him." The sole evidence in this regard was that the mother and father were divorced, that the custody of the daughter was awarded to the mother, and she lived with the mother; but he was the head of household, he owned the car, and bought it especially for the daughter to use for her personal pleasure. The daughter was not self-employed, and was of the age of 20 at the time of the collision.

In *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167), it was held that where a father keeps and maintains an automobile to be used for the comfort and pleasure of his family, and permits a non-dependent, self-supporting adult son to reside in his home without charge, and allows this son also to use the car, the family purpose car doctrine applies. The father was under no legal obligation to

furnish the daughter the car since the court had granted custody to the mother; but he recognized her as his daughter, testified he was the head of the household, and voluntarily gave her the car to use for her pleasure.

In *Griffin v. Russell,* 144 Ga. 275, 279 (87 SE 10), the Supreme Court stated that it is a part of a father's business to supervise and control the pleasures of his children as well as it is to give them nurture and education.

Appellant cites no case which shows that the family car doctrine does not apply in a case such as is disclosed by the facts here. The divorced father testified he was the head of the family; that he furnished the car for his daughter's use though she resided with her mother. There is no merit in this enumeration of error.

5. The trial judge, occupying the function of both judge and jury, had evidence before him from which he could have properly rendered the judgment here, and, in fact, it would have been difficult to have rendered any other judgment.

*Judgment affirmed. Deen, P. J., Quillian, Clark, Stolz and Marshall, JJ., concur. Bell, C. J., Pannell, P. J., and Webb, J., dissent.*

Argued November 5, 1974 — Decided February 21, 1975 — Rehearing denied March 12, 1975.

*Isabel Gates Webster,* for appellants.
*Kirby G. Bailey,* for appellee.

Webb, Judge, dissenting.

Waddell Kendrick brought suit against Diane Alexander and her father, Thomas Alexander, for damage to his automobile sustained in an intersectional collision between his automobile and the one driven by Miss Alexander. The trial court, sitting without a jury, found that "the evidence presented shows clearly that the defendant, Diane Alexander, violated the stop sign ordinance in failing to yield the right of way to plaintiff and further that plaintiff was not guilty of any contributory negligence." Judgment was entered in

Kendrick's favor, and the Alexanders appeal. The majority, while conceding that the evidence does not show that Diane failed to stop at the stop sign, nevertheless conclude that there was evidence to support the trial court's finding that she failed to yield the right of way to Kendrick. It is my view that that finding is clearly erroneous and totally unsupported in the record, and for that reason I respectfully dissent. CPA § 52 (a) (Code Ann. § 81-152 (a)).

There is no evidence whatsoever to show that Diane failed to stop at the stop sign. The uncontradicted evidence shows that she stopped at the stop sign; there were no approaching cars on the intersecting street from either direction; she entered the intersection, and when she had crossed one or more lanes of the four-lane intersecting street, Kendrick crested a hill on that street and ran into her. *Both drivers testified that neither saw the other until Diane was well into the intersection after having stopped at the stop sign.* The first either driver saw of the other was when Kendrick crested the hill and saw Diane *already in the intersection* approximately 150 feet in front of him. Prior to that time neither could have seen the other because of the hillcrest. Kendrick's witness, Officer Hicks, stated that there would have been skid marks if Kendrick had applied his brakes, but there were no skid marks.

Prior Code Ann. § 68-1652, applicable at the time of this collision, provided: "(a) The driver of a vehicle shall stop as required by this law at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver *having so yielded may proceed* and the drivers of all other vehicles approaching the intersection on said through highway *shall yield the right-of-way to the vehicle so proceeding* into or across the through highway. (b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to

stop which are within the intersection or approaching so closely as to constitute an immediate hazard, *but may then proceed.*" (Emphasis supplied.)

Applying prior Code Ann. § 68-1652 to the undisputed facts of this case, it is clear that Diane did not fail to yield the right-of-way to Kendrick. Having complied with § 68-1652, she was entitled to proceed into the intersection as that Code section provides, and Kendrick was then required by that section to yield the right-of-way to her. Hence the finding by the trial court that she failed to yield the right-of-way is clearly erroneous; and the fact that the collision occurred in Kendrick's lane of travel, that she went into a panic when the collision was imminent, and that she felt the collision was her fault, cannot shore up the judgment since that judgment was based upon an erroneous finding. "Being without support in the record that finding of fact is erroneous." *Clement Plumbing &c. Co. v. Goodwin,* 130 Ga. App. 245, 246 (202 SE2d 684). "If the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed." *Pinkerton &c. Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 665 (197 SE2d 749).

I would therefore reverse the judgment of the trial court.

I am authorized to state that Chief Judge Bell and Presiding Judge Pannell concur in this dissent.