## 51729. McNEELY v. HARRISON et al.

CLARK, Judge.

This appeal is from the grant of summary judgment to defendants Chrysler Motors Corporation and Sconyers Motors, Inc. in plaintiff's suit for negligence and breach of warranty. The sole issue presented is whether the trial court was correct in ruling, as a matter of law, that the alleged acts of negligence of Chrysler and Sconyers (and the allegedly defective condition of the automobile) were not the proximate cause of plaintiff's injuries and that no issue of fact remained as to the crucial element of plaintiff's action.

The facts of this case are not disputed. Appellee Sconyers Motors sold to co-defendant Ethel Harrison a new 1971 Chrysler automobile. Pursuant to Chrysler's express warranty, Sconyers had made repairs of the vehicle, including the replacement of the clutch and starter.

Two weeks after the above stated repair work, Mrs. Harrison entered the automobile, which was parked in the carport adjacent to her house. Mrs. Harrison placed the gear shift lever in the "park" position and attempted to start the vehicle, but was unable to do so. She called her husband, co-defendant Russell Harrison, but he too was unable to start the car. At this time, the Harrisons' son, Dickie, arrived at his parents' residence and offered his assistance in attempting to start the vehicle. Dickie Harrison was accompanied by his friend, the plaintiff McNeely, who was not involved in the efforts to start the car.

During this time the automobile was parked with its front end three to four feet from the rear wall of the carport. Mr. Harrison was inside the vehicle trying to get it started. Dickie Harrison was leaning under the hood from the right side of the automobile, attempting the repair work. Mrs. Harrison was standing to the side of the vehicle, and plaintiff was observing from the front of the car.

As the car lights were still operative, it was apparent that the battery was not the source of the problem. Dickie Harrison concluded there was a shortage in the electrical

system. He decided the problem might be remedied by jumping or bypassing the solenoid switch, which would allow the current to flow directly from the battery to the starter. Although Dickie was not sure what was wrong with the vehicle, he had seen this method used to start other cars.

Dickie placed a metal file or screwdriver in a position to jump the solenoid switch and instructed his father to start the car. When Mr. Harrison turned the ignition, the car lunged forward, pinning plaintiff's legs between the front of the automobile and the carport wall. Seeing plaintiff's predicament, Mr. Harrison put the gear shift lever in the position of reverse and stepped on the gas. The car lunged forward again, pinning plaintiff further against the wall of the carport. Dickie Harrison hurriedly took his father's place behind the steering wheel and attempted to back the car away from his friend. He shifted the gear into the reverse position, but the car again surged forward. The Harrisons then turned the motor off and proceeded to push the vehicle away from the plaintiff.

The automobile was subsequently inspected by two mechanics working for Sconyers Motors. They discovered that a cliplock or cotterpin was missing from the linkage which connected the gearshift lever on the steering column to the mechanism which changed the gears in the transmission. The absence of the cotterpin prevented the operator from being able to change gears by shifting the gearshift lever. Regardless of any shift in the gear lever's position, the transmission remained engaged in its previously operated gear, which was drive.

In this Chrysler model, the solenoid switch operated as a safety device, which would prevent the car from starting or moving forward when it was not in "park" gear. Thus, the absence of the cotterpin kept the gear mechanisms in drive and the solenoid switch prevented the vehicle from starting. When, however, Dickie Harrison jumped the solenoid switch to remedy what he thought was a shortage in the electrical system, the safety device was circumvented and the car lunged forward into the plaintiff. The transmission remained in drive during the subsequent efforts to back the car away from the plaintiff, causing him additional injuries.

Plaintiff brought suit against Russell Harrison, Ethel Harrison, Chrysler, and Sconyers Motors. (The action against the Harrisons, asserting common law negligence, is not involved in this appeal). Plaintiff alleged a breach of the implied warranty of merchantability against both Chrysler and Sconyers. He further alleged that Chrysler was negligent in its design, manufacture, fabrication, assembly and inspection of the vehicle and that Sconyers was negligent in the inspection and repair of the automobile.

While the issue of proximate cause is generally a question of fact for the jury's determination, it may be decided as a matter of law where the evidence is clear and where it leads to only one reasonable conclusion—that the defendants' acts were not the proximate cause of the plaintiff's injury. *Union Carbide Corp. v. Holton,* 136 Ga. App. 726 (222 SE2d 105); *Smith v. Bel-Arbor, Inc.,* 121 Ga. App. 739 (175 SE2d 146); *Crankshaw v. Piedmont Driving Club, Inc.,* 151 Ga. App. 820 (156 SE2d 208). We agree with the trial judge that such a case is presented here. We quote applicable portions of the lower court's conclusions of law, which we adopt in our holding:

"Upon the pleadings, affidavits, and depositions there remains no issue of material fact that the defect of the missing cotterpin was *not* the proximate cause of injury to Plaintiff McNeely.

"By the uncontroverted testimony of all parties, . . . the safety device of the solenoid switch was designed to prevent the vehicle from starting or moving when the transmission gear was in 'drive.' In fact, the vehicle did not start or lunge forward until Dickie Harrison 'jumped' the solenoid switch, thereby circumventing the safety switch (solenoid) purpose. Furthermore, the injury received by the plaintiff resulted when the vehicle lunged forward, pinning him against the carport walls. So long as the mere defect (whether or not caused by any negligence or breach of warranty by Sconyers or Chrysler) of the missing cotterpin, which had kept the car in the 'drive' gear, was left or allowed to remain in that condition without interference in the solenoid switch (designed to prevent ignition), the particular injury of which plaintiff complains would not have occurred. The defect of the

missing cotterpin did not cause the car to start and lunge forward against the plaintiff; quite the contrary, as the pleadings and deposition all accord, the defect of the missing cotterpin *when the solenoid safety switch was left to its proper function* resulted in non-movement of the vehicle. It was, quite simply, the action of Dickie Harrison in circumventing the safety feature of the solenoid switch which caused the movement of the vehicle which resulted in Plaintiff's injury.

"Therefore, if, as a matter of law, the defect of the missing cotterpin in the transmission linkage was not the cause of the Plaintiff's injury, questions of Sconyers or Chrysler negligence in designing or installing a proper pin or in failing to detect the allegedly defective cotterpin are immaterial and do not arise as an issue in this case . . . The most that can be said in these circumstances is that the defect of the missing cotterpin indirectly caused Dickie Harrison to 'jump' the solenoid switch. A speculation that Dickie Harrison's tampering with the solenoid was conceivably reasonable. . . under the circumstances—which might be a question for the jury—is a contradiction in terms. This is so for the reason that if, as admitted by all parties, the solenoid switch existed for the purpose of preventing the movement of the vehicle unless the vehicle is in 'park,' then tampering with the solenoid switch so as to nullify its effectiveness and thereby cause movement can not possibly be reasonable, proper or warranted under the circumstances."

We thus conclude that plaintiff's injuries were proximately caused by Dickie Harrison's act of bypassing the solenoid safety device rather than by appellees' alleged negligence with regard to the defective cotterpin. The circumvention of the safety device, designed to prevent the type of injury which occurred, constitutes an unforeseeable intervening act sufficient to relieve Chrysler and Sconyers of negligence liability. See *Union Carbide Corp. v. Holton,* 136 Ga. App. 726, supra; *Rutledge v. City of Atlanta,* 130 Ga. App. 99 (202 SE2d 571); Marker v. Universal Oil Products Company, 250 F2d 603 (10th Cir. 1957). In addition, appellees cannot be held liable under warranty since the cotterpin "defect" did

not proximately cause the injury and since the injury resulted from abnormal handling and misuse of the product. See *Center Chemical Co. v. Parzini*, 34 Ga. 868, 869 (3) (218 SE2d 580); *Friend v. General Motors Corp.*, 118 Ga. App. 763 (165 SE2d 734); Brown v. General Motors Corporation, 355 F2d 814 (4th Cir. 1966).

Accordingly, the trial court's grant of summary judgment to Chrysler and Sconyers was correct.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1976 — DECIDED MARCH 19, 1976 — REHEARING DENIED APRIL 2, 1976 — 

*Kemp & Ratcliffe, Thomas J. Ratcliffe,* for appellant. *Smith, Shepherd & Gary, Loren Gary, II, William H. McWhorter, Jr., Spivey, Carlton, Clark & Merrill, Milton A. Carlton, Brett Merrill, Neely, Freeman & Hawkins, Joe C. Freeman, Jr., Andrew M. Scherffius,* for appellees.