## 52110. ANCHOR SIGN COMPANY OF GEORGIA, INC. v. ITT TERRYPHONE CORPORATION.

MARSHALL, Judge.

Anchor Sign Company of Georgia (defendant below) brings this appeal from a bench verdict and judgment in the amount of $1,531.18 in favor of ITT Terryphone and against Anchor. Terryphone leased, installed and guaranteed the performance of certain sound equipment upon Anchor's business premises. Anchor alleged and presented evidence that tended to show Terryphone guaranteed satisfactory performance of the sound equipment to include good performance following the connection of radio equipment owned by Anchor. After connection of the radio, Anchor contended the sound equipment never worked properly. Anchor therefore urged before the trial court that Terryphone had breached the contract by furnishing an unsatisfactory sound system. Because of the alleged breach, Anchor had demanded the removal of the sound equipment and refused rental payments for the leased property.

Terryphone offered evidence that it guaranteed only its sound equipment. Its evidence showed that its equipment was never faulty and met the requirements of guaranty contained in the lease contract. The problem, according to Terryphone, was that Anchor's radio attached to the sound equipment was not compatible and Terryphone did not guarantee the radio. Terryphone urged that Anchor breached the contract by its refusal to make monthly lease rental payments. The trial court, having heard the evidence, resolved the issue in favor of Terryphone.

Anchor urges three enumerations of error in its appeal, namely that the trial court erred: (1) in finding a contract existed between the parties; (2) in finding that the equipment was removed for nonpayment and that Terryphone was entitled to damages, and (3) in the failure to grant verdict in favor of Anchor because of Terryphone's alleged breach of contract. In its brief in support of the enumerations of error, Anchor argued that there was a breach of contract by Terryphone and that the removal of the sound equipment by Terryphone was tantamount to an accord and satisfaction. *Held:*

1. Anchor's enumeration alleging the trial court erred in finding a contract existed between the parties is not supported by argument or citation of authority as is required by Rule 18 (c) of this court (Code Ann. § 24-3618 (c) (2)). This enumeration therefore is deemed abandoned. *Boyd v. State,* 133 Ga. App. 136, 138 (2) (210 SE2d 251).

2. In its second enumeration Anchor complains that the trial court erred in finding Anchor breached the contract rather than that the breach resulted from the failure of the equipment to operate as promised by Terryphone, and of the concomitant award of damages in favor of Terryphone. The trial court heard evidence from both parties on this issue and resolved the issue against Anchor in favor of Terryphone.

A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is any evidence to support the finding, it should be affirmed. Also the evidence must be construed most strongly in favor of the prevailing party. *Alexander v. Kendrick,* 134 Ga. App. 249 (213 SE2d 911). The court's findings are supported by competent evidence and are not clearly erroneous. Therefore its findings should not be set aside. *Searcy v. Godwin,* 129 Ga. App. 827 (201 SE2d 670); *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); *Northcutt v. Crowe,* 116 Ga. App. 715 (158 SE2d 308). The court did not err in finding for Terryphone.

3. In its last enumeration of error, Anchor asserts that when Terryphone removed the sound equipment and took possession thereof, this repossession amounted to an accord and satisfaction.

An accord and satisfaction arises where parties, by a

subsequent agreement, have satisfied a former one, and the latter agreement has been executed. Anchor has offered no evidence to show a subsequent agreement. Terryphone always was the owner of the sound system, merely leasing the same to Anchor. The contract expressly authorized Terryphone to repossess the equipment upon nonpayment of the rental. It is manifest that the return to the creditor of his own property does not constitute an accord and satisfaction. *Burgamy v. Holton,* 165 Ga. 384 (3), 396 (141 SE 42). This enumeration is without merit.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

Submitted April 8, 1976 — Decided May 21, 1976.

*William D. Smith,* for appellant.

*Maley & Crowe, W. Christopher Bracken,* for appellee.