61003. McCRAY v. HUNTER et al.

BIRDSONG, Judge.

The sole question on this appeal is whether the trial court erred in denying summary judgment to appellant Stella McCray, who is the defendant below. *Held:*

The plaintiffs alleged in their complaint that at the time of the collision wherein plaintiff Clyde Hunter was injured, Stella McCray was the owner of the vehicle (driven by her son Nix) which vehicle was kept, owned and maintained by her for the use, benefit, comfort, pleasure, entertainment and recreation of her family, including her son Nix; that at the time of the collision, Stella McCray had entrusted the management of the car to the driver Nix, her son, who was at the time operating the car with her permission and consent, and as her

agent. McCray moved for summary judgment on the ground that the car was used by Nix under a bailment from McCray and was not a family purpose vehicle.

The defendants' interrogatory answers and affidavits aver that Nix was an adult, self-supporting son who had not lived at home with his mother McCray since 1968, although he visited her approximately every two months. He had his own vehicle but from March, 1977 until June, 1977, while that vehicle was in disrepair, McCray lent her vehicle to him. He had never borrowed or driven McCray's vehicle before March, 1977, nor has he done so after June, 1977 (the collision occurred in April, 1977). McCray's car was at McCray's entire disposal except for the period it was used by Nix. Nix had not been given permission to drive the car on occasions other than during this four-month period. During this time, he did not run an errand in the car for his mother, and did not take her to and from work, and his use of the car did not in any way bestow any benefit upon her. Nix had complete possession of the car during this time, and McCray did not exercise any control or authority over the car. She did not give Nix any implied or express instructions or restrictions concerning his use of the car. Nix exercised complete and exclusive control and authority over the car.

These testimonial averments are not disputed by the plaintiffs, who filed no counter-affidavits and presented no contradictory evidence. However, summary judgment was denied McCray on the basis of the answer she made to one interrogatory, to wit: "Who exercised control and supervision over the use of the [vehicle] involved in the collision . . .?" Answer: "Stella J. McCray."

The trial court apparently found that, as this response is contradictory to McCray's other testimony, it is to be adjudged against her as movant on motion for summary judgment, and when the evidence is thus construed most favorably to the respondents, an issue of fact arises as to her liability under the family purpose doctrine. See, *Burnette Ford v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866); *Word v. Henderson,* 220 Ga. 846 (142 SE2d 244); *Holland v. Sanfax,* 106 Ga. App. 1, 4-5 (126 SE2d 442).

We disagree. The evidence clearly and indisputably establishes that McCray entrusted her car to Nix as a gratuitous bailee. She lent the car to Nix with no interest or concern in the purpose for which he would use it, and therefore its use was not within the business (family purpose) of McCray, but rather the transaction was a mere bailment. *Hubert v. Harpe,* 181 Ga. 168, 173 (182 SE 167). She did not customarily furnish this car for the use, comfort and pleasure of Nix; *Hubert,* supra, pp. 171-172. She did not furnish the car to him for a family purpose. She lent the car to him as she might to another who

was not a member of her family, and not as a vehicle which she had provided in her business of extending pleasure and comfort to her family. See *Hubert,* supra; *Finnocchio v. Lunsford,* 129 Ga. App. 694, 695 (201 SE2d 1); *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805); *Durden v. Maddox,* 73 Ga. App. 491, 492-493 (37 SE2d 219). The family purpose doctrine is based on principles of agency. *Hubert,* supra; *Calhoun,* supra; *Durden,* supra. In his use of the car, Nix was not McCray's agent in pursuit of McCray's family purpose business. The mere fact that she owned the car does not create an agency in Nix' use of it; nor does her mere consent to him to use the car; nor, moreover, does such consent plus the fact that he was a member of her family create such an agency for family purpose and business. *Durden,* supra, p. 493. See especially, *Finnocchio,* supra.

The single statement by McCray that she "exercised control and supervision over the use of the car involved in the collision" does not, in the face of the other unequivocal evidence, raise an issue of fact as to whether Nix' use of the car was within the family purpose so as to subject her to liability therefor. Even adjudged most strongly against McCray (*Burnette,* supra), the statement does no more than confirm her ownership and, therefore, her ultimate control of the car. The fact that appellant could exercise control and supervision does not convert the transaction to a family purpose use merely because Nix is her son and, we shall assume arguendo, a member of her family in the sense of the doctrine. The supervision and control required to bring the car's use under the family purpose doctrine is the owner's (or provider's) furnishing of such supervision, control and use of the vehicle for the comfort, pleasure, and convenience of her family, i. e., within her business of family purpose. See *Griffin v. Russell,* 144 Ga. 275, 279 (87 SE 10); *Alexander v. Kendrick,* 134 Ga. App. 249, 252 (213 SE2d 911). The ultimate supervision and control an owner exercises as an incident of his ownership does not of itself qualify to bring the doctrine into play.

We therefore conclude the trial court erred in its judgment because the statement of appellant is not directly contradictory to the other evidence; but even if it were, our ruling would be the same, because the actual transaction between the parties is fully and unequivocally explained. The statement does not materially weaken the conclusion to be drawn from the whole of the undisputed evidence that McCray lent the car to Nix as bailee and not as her agent for use within the family purpose. The summary judgment law does not require the defendant to show that no issue of fact remains, but rather than no *genuine* issue of material fact remains (Code Ann. § 81A-156 (c)); and while there may be some "shadowy semblance of an issue" (*Holland,* supra), the case may nevertheless be decided as a

matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion. *McNeely v. Harrison,* 138 Ga. App. 310, 312 (226 SE2d 112); *Union Carbide Corp. v. Holton,* 136 Ga. App. 726, 729 (222 SE2d 105); *Crankshaw v. Piedmont Driving Club,* 115 Ga. App. 820, 821 (156 SE2d 208). The trial court erred in denying summary judgment to defendant McCray.

*Judgment reversed. Quillian, C. J., Shulman, P. J., Banke, Sognier and Pope, JJ., concur. Deen, P. J., McMurray, P. J., and Carley, J., dissent.*

DECIDED FEBRUARY 11, 1981.

*Gene A. Major, Donald M. Fain,* for appellant.
*Charles A. Pemberton,* for appellees.

DEEN, Presiding Judge, dissenting.

" 'Where the evidence on motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion.' " *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971). An exception to this rule has been established in *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498, 502 (249 SE 2d 214) (1978), where it affirmatively appears that the party is " 'intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him.' "

In the case at hand the testimony of McCray contained in an interrogatory was that she exercised control and supervision over the use of the vehicle involved in the collision.

This is contradictory to her other testimony and should be construed most favorably to the party opposing the motion for summary judgment. It does not seem plain and palpable as a matter of law that the contradictory testimony of McCray was intentional or deliberate.

The words of Judge Russell in *Davis v. Kirkland,* 1 Ga. App. 5, 6 (58 SE 209) (1907) seem applicable. "After the legal battle lines have, by the permission of the judge, moved from the skirmishing of the pleadings into full action and real conflict between contending statements of fact, he is transformed into a mere representative of a neutral power, friendly alike to both belligerents, — the law, — who will see that there is no violation of those rules of war, enforced by law, and that neither combatant shall smuggle or receive from the

territories of law any contraband of war in the form of illegal evidence ... Since the birth of Magna Charta, — one of law's leading citizens, — whenever internal dissension or revolution arises in the territory of evidence, to determine which contending faction shall be entitled to the jewel truth, she calls in, as sole arbiter to settle the dispute, jury, who under law's irrevocable appointment shall settle, in every nook and corner of law's protectorate, — the domain of facts, — all issues, great and small. The wisdom of all men most enlightened, the experience of those most familiar with the practice, the innate sense of justice, all concur in the opinion that disputes between such varying and variable characters as visit and inhabit the domain of facts can not be satisfactorily adjusted and finally determined by any umpire more absolutely reliable and just than the jury."

Judge Bleckley is also correct when he says in *Central R. Co. v. Ferguson,* 63 Ga. 83, 85 (1879): "The evidence is not conclusive. It pushes the mind into that great pit-fall called doubt, and there leaves it. The jury are the best doctors of doubt that we know of."

In any event the trial court did not err in denying appellant's motion for summary judgment. I would affirm.

I am authorized to state that Presiding Judge McMurray concurs in this dissent.