## 73043. CABRAL v. WHITE et al.
(354 SE2d 162)

BEASLEY, Judge.

Plaintiff sued 15-year-old ninth-grader Chris White and his parents to recover damages resulting from White's wrecking plaintiff's restored 1955 Chevrolet Bel Air Sedan automobile. Plaintiff's evidence was that White and another teenage passenger were passengers in the car being driven by plaintiff's 16-year-old tenth-grade son. At White's repeated requests, he was permitted to drive. He had no license. He immediately accelerated the four-gear vehicle rapidly, reaching around 60 mph in about a quarter of a mile in a residential area, swerved to avoid a parked truck, lost control, and crashed through a concrete reinforced mailbox, causing allegedly $6,500 damage to the automobile. It was after 2:30 a.m. on Sunday, December 16, 1984. White left the scene.

In his complaint, plaintiff alleged that White's actions were negligent and in wilful, wanton and malicious disregard of others' rights so that his parents were liable for up to $5,000 damages under OCGA § 51-2-3. The trial court directed a verdict for the parents because the evidence did not show White's acts were "willful or malicious" within the purview of OCGA § 51-2-3; and for White himself because of the "principles of the family car doctrine."

1. OCGA § 51-2-3 makes certain parents liable, for up to $5,000, for property damage resulting from their minor child's "willful or malicious acts." The legislative intent, expressly set out in the statute, is "to provide for the public welfare and aid in the control of juvenile delinquency." It is not "to provide restorative compensation to victims of injurious or tortious conduct by children." The Supreme Court emphasized the juvenile delinquency purpose in *Hayward v. Ramick*, 248 Ga. 841, 843 (285 SE2d 697) (1982), a case involving burglary by the minor. It held that the statute, "intended to aid in reducing juvenile delinquency by imposing liability upon parents who control minors" is not unconstitutional, and that "the state has a legitimate interest in the subject (controlling juvenile delinquency), and that there is a rational relationship between the means used (imposing of liability upon parents of children who wilfully or maliciously damage property) and this object."

It is a misdemeanor for any person to drive a motor vehicle on a public street without a valid driver's license. OCGA §§ 40-5-20; 40-5-120 (7). Driving above the maximum speed limit is also a violation. OCGA § 40-6-181. The maximum speed allowed for residential districts is 35 mph. OCGA § 40-6-181 (b) (1). "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving," OCGA § 40-6-390 (a), which by its penalties and classification is regarded as a serious traffic of-

fense. Driving a vehicle on a public road "in any . . . exhibition of speed or acceleration" is also a misdemeanor. OCGA § 40-6-186 (b) and (c). The General Assembly has expressly stated in the "points" statute that: "The State of Georgia considers dangerous, negligent, and incompetent drivers to be a direct and immediate threat to the welfare and safety of the general public, . . . ." OCGA § 40-5-57 (a).

Juvenile traffic offenses are given special treatment in OCGA § 15-11-49. They may be considered acts of delinquency if transferred to the delinquency calendar at the discretion of the court. OCGA § 15-11-49 (b) and (g). Racing on highways and streets, i.e., a violation of OCGA § 40-6-186, is expressly excluded from being treated as a juvenile traffic offense.

Considering the evidence and the applicable law, we are compelled to conclude that the jury could find that Chris White committed a "willful or malicious act" which would bring into effect the civil and limited liability of his parents under OCGA § 51-2-3. *Arrington v. Trammell*, 83 Ga. App. 107 (62 SE2d 451) (1950); *Mercer v. Woodward*, 166 Ga. App. 119, 127 (13) (303 SE2d 475) (1983).

2. The "family purpose car doctrine" was inapplicable to the legal relationship between the car owners and minor driver who was not a member of the family. That doctrine involves liability of a parent or head of household to third persons based on permitting a family member to use a vehicle for a family purpose. See, e.g., *Hubert v. Harpe*, 181 Ga. 168, 173 (182 SE 167) (1935). It encompasses one of the means by which liability is imposed upon the vehicle owner for injuries to a third person resulting from the negligent operation by one the owner permitted to drive his vehicle. *Durden v. Maddox*, 73 Ga. App. 491, 492 (37 SE2d 219) (1946). Although accomplished through the agency of plaintiff's own son, plaintiff permitted defendant to use the car or loaned it to him by giving him control of its operation. The family purpose doctrine is not a device by which the negligent driver may insulate himself from liability to the owner who gave him permission to use the vehicle. *Morris v. Cochran*, 98 Ga. App. 786, 788 (1) (106 SE2d 836) (1958).

In many situations, the driver is a family member who would be absolved from liability under the principles of family immunity. See *Clabough v. Rockwal*, 176 Ga. App. 212 (335 SE2d 648) (1985). Since White is not related to plaintiff, he would not receive the benefit of family immunity. Moreover, the fact he received permission from plaintiff's son to operate the vehicle does not activate the immunity concept, but would merely serve to initially authorize his use of the vehicle. See *Phillips v. Dixon*, 236 Ga. 271 (223 SE2d 678) (1976).

It has been often noted that the family purpose doctrine is " 'based squarely upon the relation of master and servant or principal and agent' . . . , the child to whom a parent furnished a car for his

pleasure and convenience being deemed to occupy the position of a servant or agent of the parent." *Pritchett v. Williams*, 115 Ga. App. 8, 9 (153 SE2d 639) (1967); *Evans v. Caldwell*, 184 Ga. 203, 204 (190 SE 582) (1937). However, if White were to be considered a derivative agent of plaintiff, an agent or servant is responsible for negligence to his principal or master. *Morris v. Cochran*, 98 Ga. App. 786, 788, supra; *Hightower v. Landrum*, 109 Ga. App. 510, 518 (6) (136 SE2d 425) (1964). See 53 AmJur2d 177, Master & Servant, § 108; 56 CJS 502, Master & Servant, § 79. See also OCGA § 10-6-22.

As we have observed, the agency concept of the family purpose doctrine relates primarily to the owner's duties toward third persons. See *Phillips v. Dixon*, 236 Ga. 271, 277, supra. With regard to plaintiff, White may be liable for negligence as plaintiff's agent or servant or under the legal relation most appropriate to this situation, a bailment for the benefit of the bailee in that plaintiff's son had turned over operation and control of the vehicle to him. *Smith v. Burks*, 89 Ga. App. 278, 282-3 (79 SE2d 52) (1953). The principles were enunciated in *Booth v. Terrell*, 16 Ga. 20 (7 & 8) (1854): "[7.] A loan is the bailment of an article for a certain time, to be used by the borrower without paying for its use. [8.] The borrower is bound to take good care of the thing borrowed; to use it according to the intention of the lender; to restore it at the proper time, and to restore it in a proper condition." Accord *McCray v. Hunter*, 157 Ga. App. 509, 510 (277 SE2d 795) (1981). Where the bailment is for the exclusive benefit of the bailee, he must use extraordinary care, *Renfroe v. Fouche*, 26 Ga. App. 340 (1) (106 SE 303) (1920), and is responsible to the bailor for the failure to exercise that degree of care. See *Brunson v. Sparks*, 42 Ga. 35 (1870); *Warren v. Mitchell Motors*, 52 Ga. App. 58 (182 SE 205) (1935).

Thus it was error to direct a verdict on plaintiff's claim against Chris White.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED JANUARY 23, 1987 —
REHEARING DENIED FEBRUARY 18, 1987.

*Macklyn A. Smith, Sr.*, for appellant.
*Glyndon C. Pruitt*, for appellees.