A05A0602. BROADCAST CONCEPTS, INC. v. OPTIMUS FINANCIAL SERVICES, LLC.

(618 SE2d 612)

BARNES, Judge.

In this appeal from a final judgment following a default, Broadcast Concepts, Inc., Coordinated Properties, Inc., Fred Filsoof, and Wally Khatib (collectively "Broadcast") contend that the trial court erred in denying its motion to open default and in awarding unauthorized damages. Broadcast also contends the judgment is against the weight of the evidence. We do not agree, and affirm.

The record before us reflects that on January 8, 2004, Optimus Financial Services, LLC ("Optimus") sued Broadcast for breach of a lease agreement. Optimus's complaint alleged that Broadcast had defaulted on its lease of computer equipment, and now owed Optimus $116,360.84 for back rent, $8,145.26 for back taxes, $33,110.17 for late fees, $647,994.75 for future rent, and the fair market value of the equipment in an amount not less than $200,000, for a total award of not less than $1,005,611.02.

On March 12, 2004, Optimus and one of the defendants, Khatib, entered into a settlement agreement, which provided that Khatib would pay $766,000 in weekly installments for full satisfaction of the claim. The Agreement also stipulated that "the time within which Khatib or any party named in the lawsuit must answer the lawsuit shall be extended until the earlier of (i) April 22, 2004 or (ii) the date which is seven (7) days after the date a payment is due under Section 2.1 and not paid." This stipulation was filed with the court on March 23, 2004. Section 2.1 of the Agreement provided that payments were due weekly beginning March 10, 2004, and ending April 15, 2004. Upon full payment, Optimus agreed to dismiss the suit.

On March 30, 2004, however, Optimus sent a letter to Broadcast informing them that none of the payments under the Agreement had been made and that it would either file a motion to enforce the

agreement or obtain a default judgment for the full amount. Optimus then filed a certificate of default and motion for default judgment on April 7, 2004. On May 10, 2004, Broadcast filed a verified motion to open default judgment and responsive pleadings. The trial court, however, entered the default, and conducted a bench trial on damages. Subsequently, the trial court entered an order and final judgment awarding Optimus damages of $949,303.79. Broadcast appeals from this order.

1. Broadcast first contends that the trial court erred in entering the default judgment and in denying its verified motion to open default. It argues that the trial court should have exercised its discretion and opened the default because Broadcast met all of the requirements and made all of the showings provided for by Georgia law.

OCGA § 9-11-55 (a) provides, in pertinent part, that

[i]f in any case an answer has not been filed within the time required . . . , the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury. . . .

Once a case has remained in default after the expiration of the 15-day statutory grace period,

[a] default may be opened if the defaulting party satisfies four conditions and one of the required three grounds. The four conditions are a showing made under oath, an offer to plead instanter, an announcement of ready to proceed to trial, and setting up a meritorious defense. The three grounds are providential cause, excusable neglect, and a proper case. While generally the opening of a default rests within the sound discretion of the trial court, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default.

(Citations and punctuation omitted.) *Roberson v. Gnann,* 235 Ga. App. 112, 115 (4) (508 SE2d 480) (1998). In reviewing the denial of a motion to open default judgment, our function is to determine "whether the trial court abused its discretion based on the facts peculiar to each case." *K-Mart Corp. v. Hackett,* 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999).

Broadcast argues that it satisfied the conditions precedent to opening a default judgment, and that based on the evidence showing that Optimus led it to believe that Broadcast did not have to file a responsive pleading, the trial court should have found excusable neglect and opened the default judgment. Following a hearing on the motion, a transcript of which is not included in the record, the trial court apparently rejected this argument. "Without a transcript, the appellate court must presume that the trial court's findings of fact are supported by evidence." *Sam's Wholesale Club v. Riley,* 241 Ga. App. 693, 697 (3) (527 SE2d 293) (1999).

Moreover, the facts and circumstances of this case do not demand a contrary finding. Broadcast waited over a month to file its motion to open the default, and has presented no explanation for the delay. "The trial court could take [Broadcast's] unexplained delay into consideration as a factor in determining whether to exercise its discretion to open the default." *Follmer v. Perry,* 229 Ga. App. 257, 260 (1) (493 SE2d 631) (1997). Additionally, although Broadcast argues that Optimus assured it that no responsive pleading need be filed, the only evidence in the record to that regard is the March 12 agreement in which both parties agreed that the time for filing the answer would be extended "until the earlier of (i) April 22, 2004 or (ii) the date which is seven (7) days after the date a payment is due under Section 2.1 and not paid."

"[T]he trial judge has discretion to open a default when he considers a proper case has been made. Conversely, he has discretion to refuse to open the default when he determines that a proper case has not been made." *Truck & Trailer Sales Corp. v. East Coast Transp. Co.,* 141 Ga. App. 85, 86 (232 SE2d 578) (1977). Here, we find no abuse of this discretion in denying Broadcast's motion to open default judgment.

2. Broadcast also argues that the trial court erred in awarding damages not warranted by the lease. It maintains that the trial court misconstrued the lease terms, and merely adopted the damages argued by Optimus at the bench trial. This argument fails to appreciate the position Broadcast permitted itself to be placed in by allowing the case to go into default.

The rule is that a defendant in default is in the position of having admitted each and every material allegation of the

plaintiff's petition except as to the amount of ex delicto [tort] or unliquidated ex contractu [contract] damages alleged. The default concludes the defendant's liability and estops him from offering any defenses which would defeat the right of recovery.

(Citation and punctuation omitted.) *Nova Group v. M. B. Davis Elec. Co.*, 187 Ga. App. 403, 406 (370 SE2d 626) (1988). Consequently, by failing to answer the complaint, Broadcast is estopped from contending that the damages awarded were not authorized by the lease. *Azarat Marketing Group v. Dept. of Admin. Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000). Thus, this argument, that goes to liability for the damages and not the amount of damages awarded, is not permitted. This is not a case in which the complaint and the attached lease showed that no claim in fact existed which could allow Optimus to recover from Broadcast. Compare *Stroud v. Elias*, 247 Ga. 191, 194 (2) (275 SE2d 46) (1981); *Drug Emporium v. Peaks*, 227 Ga. App. 121, 129 (2) (d) (488 SE2d 500) (1997).

3. Broadcast argues that the trial court erred by awarding judgment against it "in the amounts sought by Appellee Optimus since that judgment was against the weight of the evidence." We cannot consider this argument, however, because weighing the evidence is a function of the trial court, not an appellate court. *Verde v. Granary Enterprises*, 178 Ga. App. 773 (1) (345 SE2d 56) (1986). Moreover, even applying the proper test, which is whether any evidence supports the judgment, we find no error in the amount of damages awarded by the trial court. Generally,

> [t]he measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured, is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed. Where property was leased for hire, the measure of damages for the lessee's breach of contract is the cash value of the contract less any saving which may accrue from the breach.

(Citations and punctuation omitted.) *Bennett v. Associated Food Stores*, 118 Ga. App. 711, 715 (2) (165 SE2d 581) (1968). "A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is any evidence to support the finding, it should be affirmed. Also the evidence must be construed most

strongly in favor of the prevailing party. [Cit.]" *Anchor Sign Co. &c. v. ITT Terryphone Corp.*, 138 Ga. App. 742, 743 (2) (227 SE2d 492) (1976).

In this case, the trial court heard testimony from the president and vice president of Optimus regarding Broadcast's liability for the amount of damages claimed. Broadcast cross-examined both parties regarding the claims, but offered no evidence rebutting their claims other than the testimony of the company's president who argued that Broadcast was entitled to credit for interest, residual value, other monies paid, and for the value of equipment it purchased. The lease agreement, which ran from April 1, 2003, to October 31, 2005, required 30 monthly payments of $29,993 plus taxes and involved two different types of computer equipment, manufactured by Sun Microsystems and by Cisco. After Broadcast defaulted, the Sun equipment was sold in January 2004 for $155,000. Optimus's president testified that the calculated damages reflected a $155,000 credit for the Sun equipment, and also that the residual value of the equipment excluded the Sun equipment. The trial court considered this evidence, as well as exhibits presented at the bench trial, which were not included with our record. Therefore, the evidence supports the trial court's judgment, and the award of damages is affirmed.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 6, 2005 —
RECONSIDERATION DENIED JULY 27, 2005.

*Michael S. Welsh, Chad K. Reed, John D. Stuart*, for appellant.
*Sutherland, Asbill & Brennan, Richard L. Robbins, Julianne N. Belaga*, for appellee.