**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 4, 2018**

# In the Court of Appeals of Georgia

A18A0574. ATLANTA TRUCK PARTS, INC. v. ZENON & ZENON CONTRACTORS, INC.

McFADDEN, Presiding Judge.

After a bench trial, the trial court awarded Zenon & Zenon Contractors, Inc. $128,972.90 in its breach-of-contract action against Atlanta Truck Parts, Inc. Atlanta Truck Parts appeals, arguing that the person who signed the contract on its behalf lacked the authority to do so. But the evidence supported a finding that the owner of Atlanta Truck Parts authorized that person to act on the company's behalf. Atlanta Truck Parts also argues that the evidence does not support the amount of the judgment because Zenon & Zenon's work was deficient and it presented no receipts to support its claim. But the testimony of Zenon & Zenon's owner supported the award. So we affirm the judgment.

1. *Facts.*

"A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is any evidence to support the finding, it should be affirmed. Also the evidence must be construed most strongly in favor of the prevailing party." *Broadcast Concepts v. Optimus Fin. Svcs.*, 274 Ga. App. 632, 635-36 (3) (618 SE2d 612) (2005) (citations and punctuation omitted).

So construed, the evidence shows that Patricia Neville, who had died by the time of trial, was the owner of Atlanta Truck Parts. Orlando Zenon ("Zenon") is the sole owner of Zenon & Zenon, a demolition contractor. In 2012, Zenon discussed with Neville and her employee, Edwin Robles, completing the work necessary to prepare the Atlanta Truck Parts property to lease out space to park trucks. At Neville's request, Zenon prepared a proposal.

Zenon delivered the proposal to Robles, and together they presented it to Neville. Robles signed the proposal in Neville's and Zenon's presence while Neville was on the phone. Zenon did not insist that Neville sign the proposal because he had seen Robles handle Neville's business for her and he had witnessed Robles sign work orders and proposals on behalf of Atlanta Truck Parts in the presence of Neville.

Zenon & Zenon presented two other witnesses who testified that Robles handled business for and signed checks on behalf of Atlanta Truck Parts.

At trial, Zenon described the work he performed, testified that he completed all of the work in the proposal, and identified pictures of the property before and after the work was performed. Once he had completed the job, Zenon delivered an invoice to Robles and Neville. When Atlanta Truck Parts did not pay, Zenon & Zenon filed this action.

2. *Robles's authority.*

Atlanta Truck Parts argues that the trial court erred in entering judgment for Zenon & Zenon because Robles lacked actual or apparent authority to enter the contract on behalf of Atlanta Truck Parts. We disagree.

"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. A principal-agent relationship

> may arise by implication as well as by express authority, and agency
> may be proved by circumstantial evidence. Agency may result where
> one party has apparent authority to effect the legal relations of another
> party by transactions with a third party, but . . . apparent authority to do
> an act is created as to a third person when the statements or conduct of
> the alleged principal reasonably cause the third person to believe that the

3

principal consents to have the act done on his behalf by the purported
agent.

*Hinely v. Barrow*, 169 Ga. App. 529, 530 (313 SE2d 739) (1984) (citation and
emphasis omitted).

> Further, an estoppel arises as against the denial of agency when a
> principal places a purported agent in a position of apparent authority so
> that a person of ordinary prudence conversant with business usages and
> the nature of the particular business is justified in assuming that such
> agent has the authority to perform a particular act and deals with the
> agent upon that assumption.

*Holcomb v. Evans*, 176 Ga. App. 654, 656 (1) (337 SE2d 435) (1985) (citation and
punctuation omitted).

Zenon & Zenon presented evidence that Neville had authorized Robles to act
for her on behalf of Atlanta Truck Parts. This evidence included Orlando Zenon's
testimony that Robles signed the Zenon & Zenon proposal in Neville's and Zenon's
presence while Neville was on the phone; that he had seen Robles handle all of
Neville's business for her; and that he had witnessed Robles sign work orders and
proposals on behalf of Atlanta Truck Parts in the presence of Neville on other
occasions. "Upon a review of the evidence, we cannot conclude that the trial court's

4

[judgment that included an implicit] finding of apparent authority was wholly unsupported or clearly erroneous." *Holcomb*, 176 Ga. App. at 657 (1).

3. *Completion of the contract*.

Atlanta Truck Parts argues that the trial court erred by awarding Zenon & Zenon the full contract amount because the work was not completed, the work was deficient, and Zenon & Zenon presented no reciepts. But Zenon's testimony that he completed the work in accordance with the terms of the proposal is some evidence to support the judgment. See *Broadcast Concepts*, 274 Ga. App. at 635-36 (3). Accordingly, the judgment in favor of Zenon & Zenon must be affirmed. Id.

*Judgment affirmed. Ray and Rickman, JJ., concur*.