### GATES *v.* GATES.

12

No. 14650. NOVEMBER 10, 1943. REHEARING DENIED DECEMBER 2, 1943.

14

*George G. Finch, Leroy Finch,* and *George F. Fielding,* for plaintiff in error.

*J. R. Thompson Jr.,* and *Loren Bush Rockey,* contra.

DUCKWORTH, Justice. ■ The defendant's motion to dismiss is based upon the ground that he is a resident of North Carolina, and that there is no prayer for service by publication and no order of the court perfecting service, and that the prayer for a second original to be served upon the defendant's counsel in Fulton County, Georgia, is without authority of law. The petition as amended shows that the defendant is a non-resident, and prays for service by publication. The record shows that service was perfected, and an order of the court to this effect was duly entered. It is apparent that the motion to dismiss was without merit; and the court did not err in overruling it.

■ The plaintiff in error filed a verified application to the trial court, praying for a stay of the proceeding under the provisions of the soldiers' and sailors' civil relief act of 1940, 50 U. S. C. A. § 521 (Cumulative annual part), as follows: "At any stage thereof

any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person in his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." The application, in addition to reciting that the applicant was at the time actively engaged in the military service of the United States, stated that he was a colonel in the army air force, stationed at Morris Field, Charlotte, North Carolina, and that his ability at the time was materially impaired because of his inability to appear personally and make a defense and testify in his own behalf, and that a judgment against him would result in irreparable damage to him. At the time of the application the record in the court showed that the main proceeding sought cancellation of the divorce decree which the defendant, during his military service, had procured against the petitioner in the same court in which the present proceedings were filed. The record in the divorce proceeding showed that the defendant therein was a non-resident of the State, and that the petitioner therein was not a resident of Harris County, in which the divorce action was brought.

The question for decision is whether or not these facts authorized the court to deny the application for a stay of the proceeding. The Federal statute, supra, confers upon the trial judge the power to stay a proceeding on his own motion in the exercise of his discretion. It then provides that upon an application for a stay, the proceeding *shall* be stayed as provided in the act, unless in the opinion of the trial judge the applicant's ability to prosecute or defend is not materially affected by reason of his military service. Under the first provision it appears that the judge is left free to stay the proceeding according to his own judgment, although the military service might in some degree constitute an impairment to prosecute or defend; but under the second provision it seems clear that when the application is made it is imperative that the stay be granted unless it is made to appear further, by relevant evidence touching the question of impairment to prosecute or defend result-

ing from military service, that there is no material impairment. The act places no burden upon any one to produce evidence touching this subject; but in view of the fact that it does authorize the judge to deny the application when, in his opinion, there is no impairment, it is obvious that the judge has full power to make such inquiry as he may feel the justice of the case demands. He may obtain this evidence from either party, or the record in the case may constitute such evidence. It matters not which party produces the evidence or from what source it comes; so long as it is legal evidence relevant to the issue the judge is authorized to consider it, and if in his opinion there is no material impairment by reason of the applicant's military service he may deny a stay. The language of the act does not authorize a construction which would place upon the applicant the burden of proving that his ability to prosecute or defend the action is materially impaired; and therefore we disapprove the decisions of the Court of Appeals in *Pope* v. *U. S. Fidelity & Guaranty Co., 67 Ga. App.* 415, 560 (20 S. E. 2d, 618, 21 S. E. 2d, 289), where the act was given this construction. Our construction conforms to the decision of the Supreme Court of the United States in Boone *v.* Lightner, 319 U. S. 561 (63 Sup. Ct. 1223, 87 L. ed. 1099). That opinion, although it contains some statements that are difficult to reconcile, ultimately holds that where the applicant for a stay voluntarily offers evidence to show an impairment in his ability to defend the action, and this evidence, when subjected to legal tests, fails to show impairment, the trial judge is authorized to deny a stay. A Federal statute being involved, that decision is binding upon this court. An applicant might well rest his request for a stay upon the bare statement that he is at the time actively in the military service, and, with nothing more appearing as evidence touching the question of his impairment by virtue of his service, the trial judge would be required, as a matter of law, to grant the stay. But when the applicant undertakes by his verified application to show impairment by alleging conclusions to that effect, which was done in this case, this evidence immediately becomes subject to the rule that it must be construed most strongly against him; and so construing it, the judge was authorized to find, from the absence of specific facts, such as that an unsuccessful attempt by the applicant to obtain a leave of absence from the army had been

made, that such facts did not exist or else would have been alleged; and thus by the process of reasoning followed in the Boone case, supra, the court was authorized to find, as was said by the Supreme Court of the United States in that case, that the claim that military service prejudiced the defendant was groundless and that his absence "was dictated wholly by litigious strategy."

In addition to this evidence offered by the applicant, the record in the divorce proceeding was relevant and legal evidence on the question of impairment of the applicant's ability to make his defense. The constitution of this State (Code, § 2-4301) declares: "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." This provision of the Constitution states indispensable essentials for jurisdiction. The record shows a total absence of these essentials; and hence the court which rendered the divorce decree had no jurisdiction. Lack of jurisdiction renders the divorce decree null and void. *Jones* v. *Jones,* 181 *Ga.* 747, 752 (184 S. E. 271); *Haygood* v. *Haygood,* 190 *Ga.* 445 (4) (9 S. E. 2d, 834, 130 A. L. R. 87); *Stewart* v. *Stewart,* 195 *Ga.* 460, 462 (24 S. E. 2d, 672). Want of jurisdiction in the court to render the divorce decree is a defect that is incurable; and hence it was legally impossible for the applicant to make a defense to the present proceeding brought for the purpose of setting aside the void decree. His inability so to do would have existed had he been in civilian life no less than in military service. In this situation, regardless of how strongly the application may assert that the service man's ability to make a defense is materially impaired by reason of his military service, the contention is answered by the unyielding law which declares that no defense whatever can be made to an action to set aside a decree which is shown by the face of the record to have been void ab initio because the court was without jurisdiction to render it. Therefore, since no legal defense can in any event be made, the defendant's ability to make a defense can not be said to have been materially impaired by reason of his military service.

Neither would the petitioner's amendment seeking alimony render erroneous the judgment refusing a stay. The applicant, as shown by the records of file in the trial court, had, during his

military service, gone to the civil court and sought the benefit of legal process in dissolving his marital bond with his lawful wife. By this action he had procured a record of a void decree which purported to dissolve his marriage with her, thus freeing himself from the duty to support his wife and imposing upon her the absolute necessity of assuming the burden of obtaining a cancellation of that void decree. This placed upon her an expense which under the law of this State is chargeable to her husband. Although the divorce decree is, as pointed out above, void on the face of the record and may be disregarded without its first being formally canceled by a judgment of the court, it nevertheless might be employed by the husband as a wrongful means of preventing the Government from deducting from his compensation an allotment for the support of his wife. To avoid this she was justified in bringing the proceeding to set aside the void decree. The entire record authorized the denial of the application for a stay.

■ Though the defendant made no appearance in person, it is shown in the order of the court awarding alimony and counsel fees that his counsel were in court on the date set for a hearing, and announced that "they were ready to proceed with the hearing as to temporary alimony;" and it appears that evidence was introduced, and that argument was had by counsel for both parties. Having jurisdiction of the subject-matter, and the defendant having appeared in court through his counsel, the court was vested with complete jurisdiction to award temporary alimony and attorney's fees under her application for alimony, both temporary and permanent, together with attorney's fees. No complaint is made as to the amount of the award; and the discretion of the court in allowing temporary alimony and attorney's fees will not be disturbed. *Judgment affirmed. All the Justices concur.*