## Stevens v. Stevens

*P. R. Bohan* and *G. H. Huft*, for libellant.

*H. S. Davis*, for respondent. .

Bok, P. J., February 24, 1947.—We have a rule to show cause why respondent in a divorce case is entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, sec. 1, 50 USC App. §501 at seq.

Respondent is and was, when libel was filed, a prisoner in the United States Disciplinary Barracks, Mid-Western Branch No. 2, Army Service Forces, Fort Knox, Ky., under sentence for desertion in time of war. While it does not appear of record, counsel states in his brief that respondent's sentence is for five years, reduced from 20.

On libellant's motion, we appointed an attorney to represent respondent in accordance with the act and with our rules of court. The present proceeding squarely raises the question of whether respondent is entitled to a stay under the Relief Act.

We hold that he is not.

The purpose of the act appears in it:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."

This has been interpreted in the case of In re Bashor (1943), 16 Wash. (2d) 168, 132 P. (2d) 1027:

"Congress, in passing the act, intended to extend protection to persons in the military service, in order to prevent injury to their civil rights during their terms of service and to enable them to devote their entire energy to the military needs of the nation."

And again in Bowsman v. Peterson (D. C. Neb. (1942)), 45 F. Supp. 741, 743:

"The Soldiers and Sailors Civil Relief Act of 1940 (in like manner with all similar previous acts in our history) was prompted by at least two considerations, first, the maintenance in the armed forces of a reasonable measure of that unbothered serenity and security in respect of personal responsibilities which effectively promotes military efficiency and the national defense; and secondly, the assurance that in the field of individual justice no advantage in judicial proceedings by or against a soldier or sailor will result from his absorption in his country's defense."

The term, "military service", as used in the act, is defined in section 101, 50 U. S. C. App. §511:

"The term 'military service', as used in this Act, shall signify Federal service on active duty with any branch of service heretofore referred to or mentioned as well as training or education under the supervision of the United States preliminary to induction into the military service. The terms 'active service' or 'active duty' shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave *or other lawful cause.*"

We cannot imagine, although we can find no case precisely in point, that imprisonment in a military prison for desertion could be considered as "military service". If anything, it is the result of refusal or failure to perform such service, and it is certainly not within the named list of situations that are expressly held to be considered military service, namely, absence from duty on account of sickness, wounds, leave, or *other lawful cause.* Since the stated purpose of the act is to allow its service men to devote all their energy and effort to the country's military needs, a person who deserts its needs has no reason to expect protection.

That a prisoner is not "on duty" appears in the Act of March 4, 1915, c. 143, sec. 1, 38 Stat. at L. 1074, which reads as follows:

"The authority now vested in the Secretary of War to give an honorable restoration to duty, in case the same is merited, to general prisoners confined in the United States Disciplinary Barracks and its branches shall be extended so that such restoration may be given to general prisoners confined elsewhere, and the Secretary of War shall be, and he is hereby, authorized to establish a system of parole for prisoners confined in said barracks and its branches, the terms and conditions of such parole to be such as the Secretary of War may prescribe."

See also the Act of September 22, 1922, c. 401, 42 Stat. at L. 1013, which allows the collection of indebtedness from a prisoner after "restoration to duty" and the remission of any remaining indebtedness upon his discharge.

A prisoner's status of being not "on duty" is persuasive analogy that he is not in "military service" while in prison.

Aside from these considerations, the court has considerable discretion whether to stay proceedings or not. In Kelley v. Kelley, 38 N. Y. S. (2d) 344, the court said (p. 348) :

"In the instant case the defendant is represented by counsel who asks that further proceedings herein be stayed. Therefore, the provision of the Act, Title 50 U. S. C. A. Appendix §521, supra, is mandatory to the effect that this court 'shall' grant such stay unless 'in the opinion of the court' the ability of the defendant to *conduct his defense* 'is not materially affected by reason of his military service'.

"Secondly, under Title 50 U. S. C. A. Appendix §523, the Court 'shall' stay the execution of any judgment or order unless in the opinion of the court, the *ability of the defendant to comply* is 'not materially affected by reason of his military service'. Thus, the Court must be convinced not only of the ability of the defendant to 'conduct his defense', but also to 'comply' with any order that may follow.

. . . . . .

"The present Federal Act is merely permissive and not in any sense mandatory. In the main, each situation is left to the sound discretion of the Court."

In Boone v. Lightner et al., 319 U. S. 561, 575, the Supreme Court held that where a defendant was on duty in Washington and could have secured leave to defend the suit, the lower court did not abuse its discretion in denying the immunity of the act. It said:

"The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial. But in some few cases absence may be a policy, *instead of the result of military service,* and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use." (Italics supplied.)

See also Tulley v. Alameda County Superior Court, 113 P. (2d) 477, Gates v. Gates, 197 Ga. 11, 28 S. E. (2d) 108, Miller v. Miller, 26 Cal. (2d) 119, 156 P. (2d) 931 and Brown Service Insurance Co., Inc., v. King et al., 247 Ala. 311, 24 S. (2d) 219.

We do not concern ourselves with the test given in the above authorites for the exercise of discretion, namely, that defendant's ability to conduct his defense shall not materially be affected by reason of his military service, since we are deciding that for the purpose of the act a serviceman imprisoned for desertion is not in miltary service.

The case must now proceed on conventional lines. Service of the libel has not yet been made, and we will consider our appointment of Herman S. Davis, Esq., to represent respondent as being de bene esse for the purpose of disposing of the question now before us. Service may be accepted by him only if he is authorized by respondent to represent him generally. At first he filed his report, stating that respondent rejected his services and refused to take any action. When the instant rule was taken, Judge Bok wrote to respondent, explaining that the court's action in appointing an attorney to represent him was not by way of charity, as he had feared, but to expedite the proper procedure of the case. Respondent then wrote to the court, assenting to Mr. Davis' services and authorizing him to represent re-

spondent's interests. We have no evidence, however, that Mr. Davis' authority extends beyond the rule before us, and we decide no other question than the one it raises.

The rule is made absolute, and we hold that respondent is not entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act in his wife's divorce proceeding.