### 44308. McCOY v. McSORLEY.

BELL, Presiding Judge. 1. Under the Soldiers' and Sailors' Civil Relief Act, the trial courts have a discretion in granting or denying stays in judicial proceedings where persons in the military service of the United States are involved. Of course, the Act should be liberally construed in favor of the serviceman. The discretion denying a stay may be exercised where the court concludes from all the circumstances of the case that the civil rights of the serviceman will not be prejudiced. 50 USCA App. §§ 510, 521. The Supreme Court of Georgia has recognized the existence of the discretion to deny stays. *Gates v. Gates,* 197 Ga. 11 (28 SE2d 108); *Lankford v. Milhollin,* 197 Ga. 227 (28 SE2d 752). And so has the Supreme Court of the United States. Boone v. Lightner, 319 U. S. 561 (63 SC 1223, 87 LE 1587). The discretion is not an absolute one, but virtually no discretion is absolute. In all cases the exercise of discretion will be reversed only where it is abused. Historically this has been the policy of the Georgia appellate courts. *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622). Here, the serviceman was the driver of the vehicle in which the plaintiff's daughter was riding at the time of the collision in which she was killed. The serviceman was sued as a party along with his father under the family-purpose doctrine. At the hearing on the motion for a stay under the Soldiers' and Sailors' Civil Relief Act, the deposition of the serviceman consisting of 94 pages of direct and cross examination was in evidence. Also at the hearing the plaintiff stated in a binding and enforceable fashion (see Division 2) that the absent serviceman defendant will not be asked to pay any portion of any judgment which is not payable by his liability insurer. This means simply that if the serviceman has liability insurance, the plaintiff is legally

committed not to seek additional sums personally from him beyond that protection. It also means that if the serviceman has no liability insurance, the plaintiff is legally committed not to seek any sum at all from him. Based on all these circumstances, the trial judge concluded that the serviceman's ability to defend himself would not be materially impaired and denied the stay. We cannot say he abused his discretion. It is perfectly proper for a trial judge to consider matters such as these noted here and on these facts to form his opinion and to exercise his discretion by denying a stay. See the numerous decisions annotated in 50 USCA App. § 521, Notes 11 and 54. Also see the very excellent discussion in Koons v. Nelson, 113 Col. 574 (160 P2d 367).

2. Attorneys are expected to exercise exemplary fiducial conduct on behalf of their clients and toward the courts. *Code* § 9-601. The strong presumption arises from an attorney's appearance in court on behalf of a litigant that he is authorized to appear and to act for that party. *Edwards v. Wall,* 153 Ga. 776 (113 SE 190). Clients are bound by statements of their attorneys made in open court. *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554 (122 SE2d 268). The scope of an attorney's authority to act for his client is determined by the contract of his employment. In absence of express restrictions on the attorney's authority in the contract of employment, the authority is plenary. *Dean v. Jackson,* 219 Ga. 552 (134 SE2d 601). Acts of an attorney on behalf of a party cannot be questioned unless *wholly unauthorized* and then only if the agrieved party is not guilty of unreasonable delay in acting to correct the improper acts after notice or knowledge of them. *Jackson v. Jackson,* 199 Ga. 716 (35 SE2d 258).

It follows that the solemn pronouncement in open court by plaintiff's counsel, as recited in the order of the trial judge, that no collection would be sought of any judgment against the absent serviceman beyond the limits of liability insurance afforded the serviceman, is binding and enforceable.

*Judgment denying the stay is affirmed. Eberhardt and Deen, JJ., concur.*

ARGUED MARCH 4, 1969—DECIDED APRIL 28, 1969.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Robert W. Patrick,* for appellant.

*Hamilton Lokey, Gerald F. Handley,* for appellee.