## 62777. UNDERHILL v. BARNES.

POPE, Judge.

A civil action arising out of an automobile-motorcycle collision was initiated during March of 1977 in the Superior Court of Fulton County.[1] The defendant, Underhill, subsequently enlisted in the United States Navy. Some months later after discovery was completed and the case was set for trial by agreement of all trial counsel and the court, the defendant moved for a stay of the proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA App. § 501 et seq. The stay was sought for the period of the defendant's service in the Navy plus sixty days. The motion for stay was denied. This direct appeal was brought from that order under the provisions of Code Ann. § 6-701.

1. "The grant or denial of a stay under the Soldiers and Sailors Civil Relief Act, supra, is a final judgment on the collateral matter of

---

[1] The facts of this case are more fully stated in *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776 (257 SE2d 186) (1979), revg. *Barnes v. Allen Kane's Major Dodge,* 148 Ga. App. 332 (250 SE2d 876) (1978).

stay and is appealable." *Moulder v. Steele,* 118 Ga. App. 87 (1) (162 SE2d 785) (1968). Plaintiff-appellee's motion to dismiss is therefore denied.

2. Defendant contends the trial judge abused his discretion in failing to grant the stay. The federal statute provides that proceedings shall be stayed unless in the opinion of the trial judge the applicant's ability to conduct his defense is not materially affected by reason of his military service. 50 USCA App. § 521. In the present case the defendant has testified by way of deposition concerning the facts in the case and the defenses to be offered. The affidavit supporting the motion for stay indicated that the defendant had been enlisted in the Navy for the past nineteen months and was stationed at the Naval Magazine in Wai Naie, Hawaii. The affidavit stated that he was "unable to leave his duty station in Hawaii for purposes of conferring with [his attorneys] to prepare his defense and to attend trial and testify in his own behalf."

Plaintiff's counsel agreed to limit recovery to the amount of liability insurance coverage. "This seems a proper factor for the court to consider in the exercise of [its] discretion." Swiderski v. Moodenbaugh, 44 FSupp. 687, 688 (1942). The court took judicial notice of the rate of accrual of leave time set by 10 USCA § 701(a) and determined that based upon Underhill's length of time in service, he had accrued fifty days of annual leave and there was no evidence or showing that such leave was not available to him.

When the defendant undertook to show impairments in his ability to defend the action by alleging conclusions to that effect, in the form of an affidavit by his attorney, the evidence became subject to the rule that it must be construed most strongly against him. *Gates v. Gates,* 197 Ga. 11 (2) (28 SE2d 108) (1943). The court may attach significance not only to what the affiant said but also to what he failed to say about the facts within his knowledge. In so construing the evidence "the judge was authorized to find, from the absence of specific facts, such as that an unsuccessful attempt by the applicant to obtain a leave of absence from the [Navy] had been made, that such facts did not exist or else would have been alleged . . ." *Gates,* supra at 16. The court was justified in determining that the defendant had not exercised due diligence or acted in good faith in attempting to make himself available for trial and that his military service did not affect his ability to conduct his defense.

3. Defendant attempts upon this appeal of the collateral issue of the denial of a stay under the federal statute to include enumerations of error concerning jurisdiction, venue, service of process, and process. The defendant requested this court to transfer the entire appeal to the Supreme Court for determination of these

constitutional issues. However, such issues were raised by defendant by application for interlocutory appeal to the Supreme Court on December 8, 1977. Such application was denied on December 15, 1977 and the motion for reconsideration denied January 5, 1978. We therefore decline to transfer these issues to that court. Further, it appears to this court that such an attempt to raise these issues in this manner is merely litigious strategy to delay the trial of this case, which has now been pending for five years.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1982 —
REHEARING DENIED MARCH 25, 1982 — 

*Donald M. Fain, William P. Tinkler, Jr., Charles A. Wiley, Jr., Nicholas C. Moraitakis,* for appellant.
*Charles E. Walker, Meade Burns, Ben L. Weinberg, Jr., Marjorie M. Rogers,* for appellee.