## 66604. BOOTHE et al. v. HENRIETTA EGLESTON HOSPITAL FOR CHILDREN, INC. et al.

QUILLIAN, Presiding Judge.

Plaintiff-appellants Boothe, husband and wife, brought this action for the wrongful death of their ten-month-old son against defendant-appellees Egleston Hospital and Dr. John R. Ausband, alleging negligence. Appellant Charles Boothe, stating that he was a member of the Armed Forces of the United States stationed in Spain, moved for a stay in the proceedings under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 521. This appeal is taken from the trial court's denial of the stay. *Held:*

The Act provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [ . . . ], unless, in the opinion of the court,

the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

" 'Under the Soldiers' and Sailors' Civil Relief Act, a person in military service is entitled as a matter of law to a stay of any proceeding by or against him in a case to which the statute is applicable, upon his bare application showing that he is in the military service, unless it is made to appear by further relevant evidence that his ability to prosecute or defend the proceeding is not materially impaired by reason of his military service.' *Lankford v. Milhollin,* 197 Ga. 227 (28 SE2d 752)." *Smith v. Smith,* 222 Ga. 246 (2), 247 (149 SE2d 468). Accord, *Gates v. Gates,* 197 Ga. 11 (28 SE2d 108); *Parker v. Parker,* 207 Ga. 588 (2) (63 SE2d 366); *Saborit v. Welch,* 108 Ga. App. 611, 615 (133 SE2d 921); *Mays v. Tharpe & Brooks, Inc.,* 143 Ga. App. 815, 818 (240 SE2d 159).

" 'The language of the Act does not authorize a construction which would place upon the applicant the burden of proving that his ability to prosecute or defend the action is materially impaired; . . . An applicant might well rest his request for a stay upon the bare statement that he is at the time actively in the military service, and, with nothing more appearing as evidence touching the question of his impairment by virtue of his service, the trial judge would be required, as a matter of law, to grant the stay.' [Cits.]" *Saborit v. Welch,* 108 Ga. App. 611, 615, supra.

In the instant case, appellant made application for a stay under the act and as nothing else appears indicating that his ability to prosecute the action would not be impaired, a stay was required as a matter of law.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 15, 1983 —
REHEARING DENIED OCTOBER 7, 1983 —

*Glenville Haldi,* for appellants.
*Eugene P. Chambers, Jr., Sidney F. Wheeler, Ben S. Williams, Alan L. Newman,* for appellees.