71433. VLASZ v. SCHWEIKHARDT et al.
(343 SE2d 749)

BEASLEY, Judge.

On January 5, 1983 plaintiff Vlasz filed suit against James John Schweikhardt ("defendant"), and his father under the family purpose doctrine, for injuries sustained on February 7, 1981 when the car in which she was riding collided with the car driven by defendant. On November 21, 1984, after plaintiff filed a motion to compel discovery and for sanctions, defendant filed a motion for stay of the proceedings under the Soldiers' and Sailors' Civil Relief Act, 50 USC § 521. He had been in the Coast Guard since September 1981. The trial court granted defendant's motion to stay and denied plaintiff's motion to compel discovery and for sanctions. Plaintiff appeals both orders.

1. As to the stay, the Act provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . . , unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct

---

his defense is not materially affected by reason of his military service."

It has been held that "[w]hen the application [for stay] is made it is imperative that the stay be granted unless it is made to appear further, by relevant evidence touching the question of impairment to prosecute or defend resulting from military service, that there is no material impairment. . . . The language of the act does not authorize a construction which would place upon the applicant the burden of proving that his ability to prosecute or defend the action is materially impaired; . . . An applicant might well rest his request for a stay upon the bare statement that he is at the time actively in the military service, and, with nothing more appearing as evidence touching the question of his impairment by virtue of his service, the trial judge would be required, as a matter of law, to grant the stay." *Gates v. Gates*, 197 Ga. 11, 15-16 (2) (28 SE2d 108) (1943). Accord *Mays v. Tharpe & Brooks*, 143 Ga. App. 815 (240 SE2d 159) (1977); *Boothe v. Henrietta Egleston Hosp.*, 168 Ga. App. 352 (308 SE2d 844) (1983).

Here, the court was not *required* to grant the stay, as there was some evidence that defendant's being in the military service would not materially affect his defense, so that the litigation could move along to completion. For example, the Act's relief was not invoked when defendant filed his answer in January 1983; defendant began conducting discovery that same month by sending interrogatories to plaintiff; defendant's counsel twice asked plaintiff's counsel that the case be readied for trial "as quickly as possible" (once in October 1983 and once in December 1983); defendant's counsel advised plaintiff's counsel that he would let him know when defendant's deposition could be taken; the deposition of defendant's father, the co-defendant, was taken and he said defendant had been in Georgia at Christmas time in 1982; no motion for protective order claiming the Act's protection was made when plaintiff served interrogatories and requests for production of documents in February 1984 or when defendant's deposition was noticed in November 1984. These are all indications that defendant could proceed. However, the trial court was not of the opinion that defendant's ability to defend further would not be materially affected because of his military service. This is a matter, then, that the Act rests in the discretion of the court. We cannot find an abuse of discretion. There is no evidence, for instance, that plaintiff offered to go to Connecticut, where defendant has been stationed since 1984, to take his deposition or to arrange for defendant to come for trial. Nor is there any evidence that defendant could get time off for defense preparation and trial. Thus, because defendant rested his motion to stay upon the simple assertion that he is on active duty with the United States Coast Guard, and the evidence did not compel the conclusion that his defense would not be materially affected

thereby, the stay was authorized. *Gates*, supra; *Boothe*, supra.

*Underhill v. Barnes*, 161 Ga. App. 776, 777 (2) (288 SE2d 905) (1982), cited by plaintiff, is distinguishable because unlike defendant in the present case, the applicant in *Underhill* tried to show that his defense would be prejudiced. "[W]hen the applicant undertakes by his verified application to show impairment by alleging conclusions to that effect . . . this evidence immediately becomes subject to the rule that it must be construed most strongly against him; and so construing it, the judge was authorized to find, from the absence of specific facts, such as that an unsuccessful attempt by the applicant to obtain a leave of absence from the army had been made, that such facts did not exist or else would have been alleged; and thus . . . that the claim that military service prejudiced the defendant was groundless. . . ." *Gates*, supra at 16.

2. The denial of the motion to compel discovery and for sanctions must be seen in a little different light.

First of all, contrary to defendant's assertion, this enumeration has been properly raised on appeal. While appeals involving motions to compel discovery generally require that the interlocutory procedure of OCGA § 5-6-34 be followed, "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). Because the grant or denial of a stay under the Soldiers' and Sailors' Civil Relief Act is a final judgment on the collateral matter of the stay and is directly appealable, *Underhill*, supra at 776, plaintiff's enumeration regarding her motion to compel and for sanctions is properly and timely raised.

The facts relevant to this enumeration are as follows: Plaintiff's complaint was filed on January 5, 1983. Defendant answered on January 27, the complaint having been served on his father on January 11, and included a challenge to the sufficiency of service of process. He was then personally served with the complaint on August 11, 1983 while aboard a Coast Guard ship. Defendant had begun formal discovery in January 1983, putting plaintiff to the expense of gathering information for answering interrogatories. Thereafter, counsel for defendant wrote to plaintiff's counsel advising that he would contact defendant to see if defendant would be available for deposition and that he would then get back in touch with plaintiff's counsel. His letter stated "In the meantime, I would appreciate your going ahead with whatever medical deposition you deem appropriate so that we can get this case ready for pre-trial and trial as quickly as possible." A subsequent letter to plaintiff's counsel advised that defendant was unable to return to Georgia that year but counsel would be contacted for de-

fendant's deposition as soon as defendant was in the Atlanta area. In December 1983 his counsel again wrote: "I would appreciate your completing whatever medical deposition you deem appropriate so that we can get this case pre-tried and tried as quickly as possible." At the beginning of February, plaintiff served interrogatories and a request for production of documents, but neither a timely response nor a motion for protective order was made. In April defendant's counsel advised plaintiff's counsel that he was still awaiting his client's answers to the interrogatories as well as information regarding when defendant would be in the Atlanta area. He concluded, "I will promptly contact you regarding the scheduling of Mr. Schweikhardt's deposition and also provide you with his answers to your interrogatories as soon as I have heard from him."

Plaintiff waited until November, when she moved to compel answers to her interrogatories and for sanctions and noticed defendant's deposition for December. No motion for protective order or for stay under the Soldiers' and Sailors' Civil Relief Act had been filed all this time. It was only on November 21, 1984, over eight months after plaintiff filed the interrogatories and two weeks after plaintiff filed her motion to compel discovery, that defendant moved to stay the proceedings pursuant to the Act. Defendant did not move for relief from answering the interrogatories. Instead, on April 9, 1985, fourteen months after they were served, defendant responded to plaintiff's interrogatories and request for production of documents, objecting to some but not because of the Act. He filed an amendment early in May. The trial court did not rule on the motions until late June.

OCGA § 9-11-37 (d) provides: "(1) If a party . . . fails to serve answers or objections to interrogatories submitted under Code Section 9-11-33, after proper service of the interrogatories, or fails to serve a written response to a request for inspection submitted under Code Section 9-11-34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) through (C) of this (b) (2) Code section. In lieu of any order, or in addition thereto, the court shall require the party failing to act or the attorney advising him, or both, to pay the reasonable expenses, including attorney's fees caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (2) The failure to act described in the provisions of this chapter which relate to depositions and discovery may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by subsection (c) of Code Section 9-11-26."

As explained in *Wetherington v. Koepenick & Horne, Inc.*, 153

Ga. App. 302, 303-304 (1) (265 SE2d 107) (1980), " 'In the case of interrogatories, the discovering party first serves the questions. Code Ann. § 81A-133 (a) [OCGA § 9-11-33 (a)]. The other party must either respond or seek a protective order under Code Ann. § 81A-126 (c) [OCGA § 9-11-26 (c)]. . . .

" 'This system is designed to operate as efficiently as possible with minimal participation by the trial court. Such a system demands that the party who receives interrogatories either serve answers or objections on the discovering party. This duty is made explicit by Rule 37 (d). A party properly served has an absolute duty to respond; the court may enforce this duty by imposing sanctions for its violation . . . .

" 'The authorization of immediate sanctions under Rule 37 (d) has been construed to apply to nothing "less than a serious or total failure to respond to interrogatories." [Cits.] Thus, a *total* failure to serve answers or objections would constitute a failure to respond under 37 (d) and would subject a party to immediate sanctions.' [Cit.]"

The trial court's decision on discovery matters will not be reversed on appeal absent a clear abuse of discretion. Id. at 305. Here the record reflects a total failure to serve answers or objections by the defendant to the plaintiff's interrogatories for some fourteen months, and no reason was given why the use of the mails could not accomplish compliance with the statutory duty to respond. There is no justifiable explanation in the record for the lengthy delay. Defendant's address was known and mail did reach him. His answers show additionally that he has been at the same place in Connecticut since 1984. He did not ever move for a protective order or for more time to respond.

" 'Nor is there any significance in the fact that the [subject of the discovery inquiry] . . . submitted answers to the propounded questions before the hearing on the . . . motion for sanctions. "(O)nce the motion for sanctions has been filed, the opposite party may not preclude their imposition by making belated response at the hearing." ' [Cit.]" Id.

Contrary to the trial court's order which inferred that, because defendant was entitled to a stay of the proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act, plaintiff's motions for sanctions must necessarily be denied, we find no such correlation. Defendant did not invoke relief from discovery but instead finally responded to it even before the court ruled on his motion to stay. The fact that defendant did eventually respond to the requests shows that his active duty in the military did not prevent his answering.

Because defendant delayed for fourteen months with no apparent justification, while placing on plaintiff the expense of responding to

his own discovery and the expense and delay of moving the court's intervention, we find the trial court abused its discretion in denying plaintiff's motion for sanctions. The motion to compel, of course, had become moot. We remand for reconsideration and the imposition of such sanctions as the trial court deems appropriate. *Wetherington*, supra at 305.

Since defendant has demonstrated that he is able to answer interrogatories by mail, and furthermore has not relied on the Act to shield him from this type discovery, plaintiff would not be precluded from seeking information from him that might show that his ability to conduct his defense would not materially be affected by his military service, particularly since he is now stationed on the East Coast as a radioman. He best would know those facts.

We point out that the stay granted defendant does not stay the proceedings against defendant's father.

*Judgment affirmed in part; reversed and case remanded in part. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 18, 1986 —
REHEARING DENIED APRIL 2, 1986.

*John G. Haubenreich*, for appellant.
*Robert H. Cleveland, Y. Kevin Williams*, for appellees.