### 75568. ESCO v. JACKSON et al.
(366 SE2d 309)

BIRDSONG, Chief Judge.

This is an appeal from the order and alleged judgment of the State Court of Cobb County granting to defendant Stephen Michael Jackson a stay of proceedings pursuant to the Soldiers' & Sailors' Civil Relief Act of 1940 (50 USC App. § 521) and from all other appealable orders, including but not limited to, the order granting defendant Harry G. Smith's motion for summary judgment. *Held:*

1. Appellant contends that the trial court erred in granting movant's motion for summary judgment. Appellee Stephen Michael Jackson was the grandson of Harry G. Smith. A few months prior to the automobile accident that is the basis for this suit, Mr. Smith commenced loaning one of his automobiles to his grandson whenever the latter could not otherwise obtain a ride to school. It is uncontested that the grandfather was paying the private school tuition of his grandson, and that the grandson kept some clothing at the home of

his grandfather. Appellant brought suit for damages sustained when appellant's vehicle was struck by the automobile owned by movant but driven by his grandson, Jackson. Appellant has styled his cause of action against movant on an agency theory relying on the Georgia family purpose doctrine. See generally *Hubert v. Harpe*, 181 Ga. 168 (182 SE 167).

In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Bridges v. Interstate Truck Leasing*, 171 Ga. App. 361 (319 SE2d 531); see *Dickson v. Dickson*, 238 Ga. 672, 675 (235 SE2d 479), citing *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442). However, assertions of fact contained in the briefs of the parties do not, standing alone, constitute competent evidence for the resolution of a summary judgment issue. See *Coweta Bonding Co. v. Carter*, 230 Ga. 585, 586 (1) (198 SE2d 281); *Konscol v. Konscol*, 151 Ga. App. 696 (1) (261 SE2d 438).

For reasons hereinafter discussed, we find that the trial court did not err in granting movant's motion for summary judgment. Mere ownership of an automobile does not create liability. *Finnocchio v. Lunsford*, 129 Ga. App. 694 (201 SE2d 1). As a general rule, in order for the "family purpose" or so-called "family car" doctrine to be applicable, "it must appear that the father, or *head of the household*, furnished and maintained the automobile for the pleasure, comfort and convenience of his family, so as to bring the operation of the automobile *by a member of the family* within the scope of the father's or household head's 'business' [of family purpose]." (Emphasis supplied.) *Robinson v. Hartley*, 98 Ga. App. 765, 766 (106 SE2d 861). However, the driver need not be a child of the owner and can be related to the owner to a lesser degree, provided he is in fact a member of the owner's household. Compare *Robinson v. Hartley*, supra at 767 where the nephew had been raised by the uncle and was considered a family member with *Samples v. Shaw*, 47 Ga. App. 337, 339 (170 SE 389) where the nephew was not a member of the family; see also *Cabral v. White*, 181 Ga. App. 816 (354 SE2d 162) ("family purpose car doctrine" inapplicable where minor driver was not a member of the owner's family).

At least one case has held that the "family purpose" doctrine can be applied to a situation where a father furnished an automobile for his minor daughter's use, benefit and pleasure, even though the girl resided with her mother from whom the father was divorced. However, the father was shown to have bought the car especially for his daughter, and *the father testified that he was the head of the household* and recognized the girl as his daughter even though the court

had awarded her custody to the mother. *Alexander v. Kendrick*, 134 Ga. App. 249 (213 SE2d 911). The facts of the case at bar clearly are distinguishable from *Alexander*. The evidence of record reflects that at the time of the accident, the grandson was living in the household of his mother and was her family member. Although the grandfather did provide some financial support for his grandson's education, did allow the boy to stay in his home on certain occasions when his mother was not home, did allow the boy to leave some clothing in the grandparents' home as a matter of accommodation, did loan his automobile to the grandson for the latter to drive to school when no other transportation means were available, and did allow both the mother and son to live in the grandparents' household at an earlier point in time following the mother's divorce, it is equally clear and indisputable that at the time of the accident the grandson was not a member of the grandfather's immediate family nor was the grandfather the head of the grandson's household.

The only evidence of record which possibly could have created an inference that the grandson was a member of his grandfather's household at the time of the accident is found in the appellant's affidavit and the grandson's deposition. In his deposition, appellee Jackson responded, "Yes, Sir" to a question posed by appellant's attorney as to whether the address which he gave the police at the time of the accident was that of his grandparents. However, immediately following this answer and in response to the specific question of whether he had moved to his grandfather's house before the date of the accident, appellee Jackson explained that he and his mother had a "falling out" and that he intended to move in with his grandparents shortly, so he "gave the police their address and I moved in in April" (several months after the accident). In *Marques v. Rose*, 105 Ga. App. 133, 138 (123 SE2d 412), we held that "[i]t is a custom of general practice to allow or even require a witness to answer questions categorically by answering 'yes' or 'no,' and thereafter, allow the witness to explain his answer. [Cits.] 'The general statement of a witness can have no greater force or effect than his immediately ensuing explanation of the meaning of such statement.' " Therefore, we concluded "that the witness' answers to counsel's questions . . . are not conflicting so as to make a jury issue." In the case at bar, while the appellee Jackson did answer "yes" to the question as to whether he had given the police his grandparents' address as his own at the time of the accident, he immediately thereafter explained his answer to the question. His explanation shows that he was not a member of his grandfather's family at the time of the accident, but that he was then living in his mother's household. As in *Marques*, we find that the testimony contained in appellee Jackson's deposition is not conflicting or contradictory within the meaning of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256

Ga. 27 (343 SE2d 680) and cases therein cited.

The affidavit of appellant, both on its face and in conjunction with any other evidence of record, fails to raise any genuine issue regarding whether appellee Jackson was a member of his grandfather's household at the time of the accident. Appellant's affidavit in part recounts a telephone call that occurred "[t]he second or third day *after* the accident" between the appellant and the grandparents of appellee Jackson. (Emphasis supplied.) During this conversation, the grandparents stated that appellee Jackson was like their own child and that he "lived with the grandparents because his parents were divorced." The affidavit fails either to identify the grandparents by name or to provide a date certain when appellee Jackson moved into the grandparents' home. Considering that the affidavit admits that this call took place two or three days *after* the accident, we find that in this case it is not probative of the issue of when appellee Jackson became a member of the grandfather Harry G. Smith's household. See *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 553 (261 SE2d 361) (" ' "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists" ' "); *Dozier v. Wallace*, 169 Ga. App. 126, 130 (311 SE2d 839). In view of the uncontradicted and unimpeached evidence produced by appellee Jackson and his grandfather, Harry G. Smith, in support of Smith's motion for summary judgment, the record demonstrates no genuine issue of material fact as to whether appellee Jackson was a member of Smith's household at the time of the accident. See *Dozier v. Wallace*, supra at 130; see also *McCray v. Hunter*, 157 Ga. App. 509, 512 (277 SE2d 795) (evidence clearly and palpably shows the jury could draw but one conclusion).

The trial court did not err in granting summary judgment as to defendant Harry G. Smith.

2. Appellant's second assignment of error is that the trial court erred in granting appellee Jackson's motion for a stay of proceedings pursuant to the Soldiers' & Sailors' Civil Relief Act of 1940 (50 USCA App. § 521).

In support of his motion for stay of proceedings, appellee Jackson avers that he joined the United States Navy on the fifth day of August 1986, and that, at the time of the affidavit, he was in the Naval Hospital Corps School at Great Lakes, Illinois. On March 25, 1987, the trial judge granted the motion for a stay of proceedings through the fifth day of August 1988.

Section 521 of 50 USCA App. pertinently provides that when a member in the military service applies for a stay of proceedings, the proceedings shall be stayed, "unless, *in the opinion of the court*, the ability of . . . the defendant to conduct his defense is not materially

affected by reason of his military service." (Emphasis supplied.) Appellant asserts that the trial judge abused his discretion by granting the stay when appellee Jackson's affidavit lacked any showing that the servicemember "was unable to leave his duty station for the purpose of his attorney to prepare his defense and/or to attend trial," especially in view of appellant's response to said stay wherein appellant agreed to limit any judgment to the amount of the liability insurance provided to appellee Jackson. Implicit in appellant's argument is the assertion that the servicemember bears the burden of proof in establishing that his ability to conduct his defense was not materially affected by reason of his military service. In the seminal case of *Gates v. Gates*, 197 Ga. 11 (2) (28 SE2d 108), the court held that the Act places no burden upon anyone to produce such evidence; the judge has full power to make such inquiry as he may feel the justice of the case demands; the language of the Act does not authorize a construction which would place upon the servicemember the burden of proving that his ability to prosecute or defend the action is materially impaired; and, a servicemember "might well rest his request for a stay upon the bare statement that he is at the time actively in the military service, and, with nothing more appearing as evidence touching the question of his impairment by virtue of his service, the trial judge would be required, as a matter of law, to grant the stay." It was further held that when an applicant servicemember undertakes by his verified application to show impairment by alleging conclusions to that effect, this evidence immediately becomes subject to the rule that it must be construed most strongly against him, and a judge can find from the absence of specific facts, such as the military service's denial of the servicemember's leave request, that such facts did not exist or else would be alleged. See also *Boothe v. Henrietta Egleston Hosp.*, 168 Ga. App. 352 (308 SE2d 844).

The case of *Underhill v. Barnes*, 161 Ga. App. 776 (2) (288 SE2d 905), cited by appellant, involves a fact situation where servicemember applicant attempted in his stay application to show that his defense would be impaired by virtue of his military service. In the case at bar, defendant Jackson only asserted in his affidavit the date when he joined the United States Navy, the fact that he was currently a member of said service, his current duty assignment at the Naval Hospital Corps School, and its geographic location, and his military identification number (social security number). Thus, this case clearly is distinguishable from *Underhill*. We find no abuse of discretion by the trial judge in granting the motion for stay of proceedings. See *Vlasz v. Schweikhardt*, 178 Ga. App. 512 (1) (343 SE2d 749).

Assuming, however, that appellee Jackson had undertaken to show that his ability to defend was materially affected and, thereby, to subject his stay application to the type of analysis authorized by

the *Gates* exception and *Underhill,* our resolution of this issue would not be altered. The trial judge could conclude that the evidence was insufficient to establish that the applicant's ability to defend himself was not materially affected by his military service, as he could infer that a sailor attending the Naval Hospital Corps School would not be reasonably available to assist in the conduct of his defense. Moreover, once servicemember's *status* as a resident attending naval school was established, such *status* could be presumed to continue until the contrary was established. See OCGA § 24-4-21; *Strother Ford v. First Nat. Bank,* 132 Ga. App. 268, 270 (208 SE2d 25) (presumption of continuity: a status when proved to exist will be presumed to have continued to exist; until evidence is introduced to the contrary, it is presumed a person has not changed his residence or domicile) and cases cited therein.

Accordingly, we find this assignment of error is without merit.
*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 22, 1988 —
REHEARING DENIED FEBRUARY 22, 1988.

*C. Lawrence Jewett, Jr.,* for appellant.
*Lynn A. Downey, Russell B. Davis,* for appellees.