### 76061. ALLEN v. HOWARD.
(365 SE2d 546)

DEEN, Presiding Judge.

On May 19, 1986, Stacy Howard commenced this action against Thomas Allen, seeking the adjudication of Allen as the father of her unborn child and an award for parental care expenses and child support. At the time, Allen was in the United States Navy, residing in Tennessee but stationed at Fort Oglethorpe in Catoosa County, Georgia; he was personally served with process in Georgia. Allen answered on June 23, 1986, asserting as defenses lack of subject matter and personal jurisdiction, and improper venue. The child was born on January 8, 1987. Subsequently, Allen was transferred to San Diego, California, and on October 5, 1987, he filed a motion to stay the proceeding pursuant to the Soldiers' and Sailors' Relief Act of 1940, 50 USCA App. § 501 et seq. Following a hearing, the trial court denied that motion to stay, as well as the jurisdictional and venue defenses, and this appeal resulted. *Held*:

1. In *Underhill v. Barnes*, 161 Ga. App. 776, 777 (288 SE2d 905) (1982), this court held that "[w]hen the defendant undertook to show impairments in his ability to defend the action by alleging conclusions to that effect, in the form of an affidavit by his attorney, the evidence became subject to the rule that it must be construed most strongly against him. *Gates v. Gates*, 197 Ga. 11 (2) (28 SE2d 108) (1943). The court may attach significance not only to what the affiant said but also to what he failed to say about the facts within his knowledge. In so construing the evidence 'the judge was authorized to find, from the absence of specific facts, such as that an unsuccessful attempt by the applicant to obtain a leave of absence from the [Navy] had been made, that such facts did not exist or else would have been alleged. . .' *Gates*, supra at 16. The court was justified in determining that the defendant had not exercised due diligence or acted in good faith in attempting to make himself available for trial and that his military service did not affect his ability to conduct his defense."

In the instant case, Allen likewise supported his motion to stay by submitting, along with proof of his military assignment, the affidavit of his attorney, who stated that Allen's ability to conduct his defense was materially affected by reason of his military service, in that he could not adequately prepare for trial and could not be present at a trial in the action. Under these circumstances, the trial court properly concluded that pursuant to *Underhill v. Barnes*, supra, grant of the stay was not required by the evidence. Compare *Vlasz v. Schweikhardt*, 178 Ga. App. 512 (343 SE2d 749) (1986).

2. Allen's various defenses were also properly denied. The trial court clearly had subject matter jurisdiction pursuant to OCGA § 19-7-40. Allen's contention that personal jurisdiction was lacking because service was not perfected outside the state in accordance with OCGA § 19-7-41 is without merit, since personal service was perfected in Catoosa County, Georgia. Venue was proper in Walker County, Georgia, the county of residence of the child before and after his birth, pursuant to OCGA §§ 19-7-42 and 19-7-43.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 8, 1988.

*John W. Knapp, Jr.*, for appellant.
*Larry D. Ruskaup*, for appellee.