A93A0247. FOSTER v. ALEXANDER et al.
(431 SE2d 415)

COOPER, Judge.

In August 1990, appellees filed a lawsuit against appellant to recover for personal injuries received in an automobile accident in February 1989. Due to appellant's service in the United States Navy in the Persian Gulf, the trial court issued a stay of the proceedings on March 22, 1991 pursuant to the Soldiers' & Sailors' Civil Relief Act, 50 App. USCA § 521. The stay order recited that it would remain in effect until a motion to lift the stay was filed and a showing was made that appellant's ability to conduct his defense was no longer materially impaired by his military service. In July 1992, appellees filed a motion to open the stay, and in response to that motion, appellant's father submitted an affidavit, stating therein that appellant was still in the Navy and was stationed in Bethesda, Maryland. The trial court granted the motion to lift the stay and this appeal followed.

The Soldiers' & Sailors' Civil Relief Act provides that a stay in the proceedings should be granted "unless in the opinion of the trial judge the applicant's ability to conduct his defense is not materially affected by reason of his military service. [Cit.]" *Underhill v. Barnes*, 161 Ga. App. 776, 777 (2) (288 SE2d 905) (1982). The determination of whether a defendant's ability to conduct his defense is impaired by

his military service lies within the discretion of the trial judge. *Vlasz v. Schweikhardt*, 178 Ga. App. 512 (1) (343 SE2d 749) (1986).

Appellant argues that he was entitled to a stay as a matter of law because appellees failed to present any evidence that his military service did not impair his ability to conduct his defense. "The [A]ct places no burden upon any one to produce evidence [on the impairment to conduct a defense]; but in view of the fact that it does authorize a judge to deny the [stay] when, in his opinion, there is no impairment, it is obvious that the judge has full power to make such inquiry as he may feel the justice of the case demands. . . . It matters not which party produces the evidence or from what source it comes; so long as it is legal evidence relevant to the issue the judge is authorized to consider it, and if in his opinion there is no material impairment by reason of the applicant's military service he may deny a stay." *Gates v. Gates*, 197 Ga. 11, 16 (2) (28 SE2d 108) (1943). The trial judge found that due to the change in appellant's duty station from overseas to Maryland, his service in the military no longer materially affected his ability to conduct his defense and that the action could proceed without prejudice to appellant or his rights. The trial judge also noted the availability of modern technology such as conference telephone communications, "FAX" communications and video depositions and further stated that if appellant's military service prevented him from appearing at any scheduled trial, appellant could seek a continuance. There was no evidence that appellant had sought and been denied a leave of absence to attend any of the proceedings. Furthermore, appellees asserted that they were only seeking to recover the policy limit of appellant's insurance policy and that no judgment would be enforced against appellant in excess of the policy limits. " '[T]he judge was authorized to find, from the absence of specific facts, such as that an unsuccessful attempt by the applicant to obtain a leave of absence from the (Navy) had been made, that such facts did not exist or else would have been alleged. . . .' [Cit.]" *Underhill v. Barnes*, supra at 777. The judge was also authorized to consider the fact that appellees were not seeking to recover any amount in excess of the policy limits. *McCoy v. McSorley*, 119 Ga. App. 603 (1) (168 SE2d 202) (1969). Upon review of all of the evidence, we cannot conclude that the trial judge abused its discretion in lifting the stay. See *Underhill v. Barnes*, supra.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED MAY 3, 1993.

*Alexander & Vann, William C. Sanders*, for appellant.

*Robert M. Beauchamp*, for appellees.