A94A2070. MASSEY v. KIM.
(455 SE2d 306)

McMURRAY, Presiding Judge.

Raymond Massey (plaintiff) filed an action against Young K. Kim (defendant) for injuries he allegedly sustained while shopping in defendant's retail clothing store. Defendant denied the material allegations of the complaint and proceeded with discovery. However, plaintiff sought to stay all proceedings pursuant to the Soldiers' & Sailors' Civil Relief Act of 1940, 50 USCA App. § 501 et seq., alleging that he is a member of the United States infantry; that he is stationed in Germany and that he is unable to effectively prosecute this action against defendant until discharge of his duties overseas. Defendant acknowledged in a letter to plaintiff's attorney that "the case cannot be tried until [plaintiff] returns[, but claimed that] the Soldier's & Sailor's Civil Relief Act [provides that] *written discovery* may proceed where the service person's ability to respond or undertake written discovery (by use of the mails) is not materially affected by reason of his military service." The trial court agreed, taking judicial notice "that the ability to communicate across the Atlantic Ocean has improved from its condition in 1940 when 50 U.S.C.A. 521 became law to a point wherein it is quite commonplace and readily

available [and denied plaintiff's] Motion for Stay under the Soldiers and Sailors Civil Relief Act as to pre trial [sic] discovery. . . ." This appeal followed. *Held*:

1. Defendant moves to dismiss this direct appeal on the ground that the case is still pending in the trial court, arguing that the trial court did not deny plaintiff's motion for stay of the entire proceeding but limited denial of plaintiff's motion to stay the proceedings to matters of pre-trial discovery. This contention is without merit.

"The weakness of this argument lies in the fact that the order excepted to is an unconditional grant of the relief provided for by the Federal statute. . . . The judgment is final as to the subject-matter with which it deals, to wit: stay of proceedings as provided by the statute. No further ruling or judgment is necessary or required by law to give full force and effect to this provision of the statute; and [plaintiff] had to choose between: (1) abiding by that judgment [and proceeding with discovery], or (2) obtaining a review thereof by a bill of exceptions. No case is left pending, in so far as the case is made by the application for a stay of proceedings; and in this respect the judgment is the same as an interlocutory injunction and may be reviewed by a [direct appeal]. *Mendenhall v. Stovall*, 191 Ga. 452 (12 SE2d 589)." *City of Cedartown v. Pickett*, 194 Ga. 508, 510 (1), 511 (22 SE2d 318). Accordingly, defendant's motion to dismiss this appeal is denied.

2. Plaintiff contends the trial court erred in failing to stay discovery proceedings, arguing there is no evidence to rebut his showing that he is in the military and is therefore entitled to relief pursuant to the Soldiers' & Sailors' Civil Relief Act of 1940. This contention was raised and rejected in *Foster v. Alexander*, 208 Ga. App. 593, 594 (431 SE2d 415). For the same reasons, we reject this enumeration of error. The trial court did not err in denying plaintiff's "Motion for Stay under the Soldiers and Sailors Civil Relief Act as to pre trial [sic] discovery. . . ."

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 15, 1995 —
RECONSIDERATION DENIED MARCH 10, 1995 — 

*L. B. Kent*, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, Theodore D. Morgan*, for appellee.