A00A0904. ENSLEY et al. v. CARTER.
(538 SE2d 98)

BARNES, Judge.

Walter Slade Ensley and Benny Ensley, co-defendants in a personal injury lawsuit, appeal the denial of a motion for stay filed under the Soldiers' & Sailors' Civil Relief Act of 1940 ("Act"), 50 USC Appx § 501 et seq. Because the trial court did not abuse its discretion in refusing to grant a stay in the pending action, we affirm.

---

Natalie L. Carter filed suit against Walter Slade Ensley alleging that he failed to exercise due care while operating a vehicle that struck her at an intersection as she attempted to walk across the road. Carter also sued Ensley's father, Benny Ensley, claiming he had negligently entrusted his vehicle to his son and asserting the family purpose doctrine applied. Among other injuries, Carter fractured her right pelvis and left femur.

The collision at issue occurred on March 30, 1994, and Carter filed suit in early September 1994. In an answer filed September 26, 1994, the Ensleys admitted, "Slade Ensley, while operating a vehicle owned by his father, Benny Ensley, collided with the plaintiff," but claimed that Carter was the one at fault by "attempting to cross the intersection unlawfully against a red traffic light." After the completion of most discovery, including at least four depositions, the Ensleys moved for summary judgment. To allow additional time for Carter's newly retained counsel to depose Walter Slade Ensley, the trial court granted a 45-day extension for Carter to respond to the summary judgment motion. The deposition of Walter Slade Ensley was completed on December 12, 1995.

After the trial court awarded summary judgment to the Ensleys, Carter appealed, and this court reversed. In *Carter v. Ensley*, 222 Ga. App. 159, 161 (473 SE2d 265) (1996), this court determined that a jury needed to resolve whether Ensley was operating his vehicle with due care and whether Carter could have avoided the injury to herself by exercising due care for her own safety. The case returned to the trial court on July 29, 1996.

On January 15, 1997, the trial court entered a consolidated pretrial order. In February 1998, the trial court granted a continuance for one term of court at the request of the Ensleys based on the Act. Nearly two and a half years after the entry of the pretrial order, on July 9, 1999, the Ensleys moved for a stay relying solely on the Act. Benny Ensley testified that his son was stationed in Korea with the U. S. Army until November 2000. Ensley urged, "If the trial of the above-referenced case proceeds despite the absence of Walter Slade Ensley, Walter Slade Ensley and I will not be able to present a proper defense because Walter Slade Ensley's testimony as an eye-witness is critical to our defense."

The trial court entered an order on July 28, 1999, temporarily continuing the trial and pretrial conference for another term of court. Three months later, on October 4, 1999, after conducting a regularly scheduled hearing and considering the underlying merits of the motion, the trial court denied the motion for stay and placed the case on the next available trial calendar. The Ensleys obtained a certificate of immediate review, and this appeal followed.

In their only enumeration of error, the Ensleys contend that the

trial court erred in denying their motion for stay under the Act. They claim that since Walter Slade Ensley is a member of the U. S. Army and applied for relief under this Act, he is entitled to a stay of the proceedings as a matter of law.

The Ensleys argue that Carter's tort claims, which arose in March 1994, cannot be resolved until after the completion of Walter Slade Ensley's military career. Counsel for the Ensleys expressed this position in a letter to Carter's counsel, stating:

> [T]his case will be stayed until Slade Ensley is discharged from the military, whenever that date occurs. If my memory is correct, Slade and I discussed in past conversations that he intends to make a career of military service. Therefore, this case will probably be in a posture for trial sometime in the next 30 to 40 years.[1]

The Ensleys misapprehend the nature of the Act, which expressly states:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as [a] plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of [the] plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

50 USC Appx § 521. Thus, the Act provides that a stay in the proceedings should be granted "unless in the opinion of the trial judge the applicant's ability to conduct his defense is not materially affected by reason of his military service. [Cit.]" *Underhill v. Barnes*, 161 Ga. App. 776, 777 (2) (288 SE2d 905) (1982). The determination as to whether a person's ability to conduct his defense is materially impaired by his military service lies within the discretion of the trial court. *Vlasz v. Schweikhardt*, 178 Ga. App. 512, 513 (1) (343 SE2d 749) (1986). In deciding whether to grant a stay under the Act, the trial court has a great amount of discretion. *Shelor v. Shelor*, 259 Ga. 462 (383 SE2d 895) (1989).

---

[1] In another letter dated February 15, 1999, counsel for the Ensleys noted, "[Slade] expressed a desire to have a long term career in the military. Unfortunately, it appears that this case will not be tried until we are well into the 21st century."

In this case, Benny Ensley, Walter Slade Ensley, and three witnesses were deposed well before the entry of the consolidated pretrial order and long before the filing of the motion for stay. Walter Slade Ensley testified about the collision in December 1995, about a year and a half after his vehicle struck Carter, and three and a half years before seeking the stay. And the Ensleys presented no evidence to prove that Walter Slade Ensley sought military leave to attend the trial. See *Foster v. Alexander*, 208 Ga. App. 593, 594 (431 SE2d 415) (1993).

Having reviewed the record, we find the Ensleys failed to carry their burden of showing that the trial court abused its discretion in refusing to grant the motion for stay. See *Foster*, supra, 208 Ga. App. at 594; *Vlasz*, supra, 178 Ga. App. at 513 (1).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 3, 2000.

*Young, Thagard, Hoffman, Scott & Smith, John H. Smith, Jr.*, for appellants.

*Dodd & Dennis, Saleem D. Dennis, Jody D. Peterman*, for appellee.